Bettyan Dyreson, by Vivian Dyreson Kelly, Her Mother and Next Friend, and Vivian Dyreson Kelly, Appellants, v. Cloyce Sharp, Appellee.

Gen. No. 10,184.

Opinion filed December 29, 1947. Rehearing denied February 3, 1948. Released for publication February 3, 1948.

L. W. MENZIMER, of Rockford, for appellants.

MAYNARD & MAYNARD, of Rockford, for appellees; FRANK E. MAYNARD, of Rockford, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Bettyan Dyreson, a minor, by Vivian Dyreson Kelly, her mother and next friend, and Vivian Dyreson Kelly, individually, brought suit in the circuit court of Winnebago county, against Cloyce Sharp for injuries that Bettyan Dyreson sustained in an automobile accident in which the car of the defendant, Cloyce Sharp, was being driven by a young man by the name of Maynard Hughes, who was a minor of the age of seventeen years.

It is alleged in the first two counts of the complaint that on or about June 1, 1946, the defendant, Cloyce Sharp, was the owner of a certain automobile, and that on and prior to said date, the steering gear of the automobile was defective, and was not functioning properly in that, "while driving said automobile, the front wheels would lock without warning," and that the defendant, Cloyce Sharp, knew of the defect in the steering apparatus of said automobile on that date and prior thereto, and it became the duty of the said Cloyce Sharp not to operate, or to permit said automobile to be operated upon the public highways; that nevertheless, on said date the defendant, Sharp, knowing the defective condition of said automobile, and disregarding the same, loaned the use of said automobile to one, Maynard Hughes, for operation over and upon the public highways.

That the said Maynard Hughes, on the date aforesaid, invited the plaintiff, Bettyan Dyreson, to ride in said automobile with him; that neither the defendant, Sharp, nor the said Maynard Hughes told the plaintiff, Bettyan Dyreson, of the defective condition of said automobile, and that she had no knowledge thereof, and without knowing the defective condition of the automobile, she accepted the invitation of said Maynard Hughes; that thereafter, the plaintiff, Bettyan Dyreson, was riding in said automobile with the said Maynard Hughes, who was driving and operating the same over and along a public highway near the City of Belvidere, Illinois, which is a concrete paved highway. That at that time and place, the plaintiff, Bettyan Dyreson, was then and there and immediately prior thereto, in the exercise of ordinary care for her own safety; that at the time and place aforesaid, the front wheels of said automobile locked, which caused the said Maynard Hughes to lose control of said automobile and leave the highway and strike and break off a telephone pole, and tear down sixty yards of fence,

before coming to a stop, and that the plaintiff was injured, etc. Count three alleges the same facts, but adds that the defendant, Sharp, was guilty of wilful and wanton misconduct, in knowingly loaning a defective automobile to Maynard Hughes, the driver, for the purpose of taking the plaintiff, Bettyan Dyreson, for a drive and charges as follows: That nevertheless on said date the defendant, Cloyce Sharp, with a conscious indifference to the defective condition of said automobile and conscious that his conduct would naturally and probably result in injury to this plaintiff, Bettyan Dyreson, and to such other person or persons as might ride in said automobile, wilfully, wantonly and with malice, and with a conscious indifference for the safety of this plaintiff, Bettyan Dyreson, and of such other persons as might ride in said automobile, loaned the use thereof to one Maynard Hughes, a minor, then of the age of seventeen years for the purpose of taking the plaintiff, Bettyan Dyreson, for a ride over and upon the public highways in said automobile. Then the counts conclude that on account of the steering gear of said automobile locking, Maynard Hughes lost control of the same, and the plaintiff was injured. The defendant, Cloyce Sharp, filed his motion to dismiss Counts 1, 2, 3 and 4 in that Counts 1 and 2 do not comply with the automobile law commonly called the "Guest Statute."

As to Count 3, the motion charges there is no direct connection shown between Cloyce Sharp, owner of the automobile, and Bettyan Dyreson, and no facts set forth are stated to show any wilful and wanton conduct on the part of Cloyce Sharp, but it appears from the complaint that the proximate cause of the injury to Bettyan Dyreson, was the conduct of Maynard Hughes in inviting her to ride in said automobile, and in driving it in the manner in which he did. As to Count 4, the motion realleges the grounds set forth as to the objection as to Count 3.

The court sustained the motion to dismiss the complaint, and entered judgment in favor of the defendant. The plaintiffs elected to stand by their amended complaints, Counts 1 to 4. Later, the plaintiffs asked leave to amend their amended complaint, but the court overruled this motion, and thereupon, an appeal was perfected to this court.

It is claimed by the appellee that the complaint does not state a cause of action against the defendant, because Bettyan Dyreson was riding as a guest of Maynard Hughes and not the guest of the defendant; that there is no causal connection between the owner of the car, and the plaintiff, also that par. 58a, ch. 95½, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 85.064(1)] applies, which is commonly called the "Guest Statute" and provides that the driver, or the owner of an automobile is not to be held liable for injuries to a person riding in an automobile as a guest, unless the parties are guilty of wilful and wanton misconduct.

Our courts have not passed on this question, but a similar one was presented to the Appellate Court of the Fourth District in the case of *Bensman v. Reed,* 299 Ill. App. 531. In this case, Edgar M. Reed loaned his automobile to John W. Reed, his son, in which it was alleged that John was an incompetent driver on account of his defective eyesight and on account of the defective eyesight, while driving the automobile aforesaid, struck and injured the plaintiff. It is claimed that the father, having knowledge of his son's defective vision, and that it rendered him an incompetent driver, and having permitted John to drive his automobile under such conditions, is now answerable to the plaintiff in damages.

The court announced that it is well established that an automobile is not so dangerous an agency as to make the owner liable for injuries caused by it, regardless of the agency of the driver, and it is not dangerous *per se,* and the owner who merely permits another to use it for

his own purpose, is not liable for the negligence of the person so using it. It is there stated: "There is a well-founded principle of law that an owner of property has a duty to use his property so as not to injure another and it is but a sequence of that rule that places the duty upon the owner to deny permission to another to drive his automobile for his own purposes when he knows such person is an incompetent or reckless driver or by the exercise of reasonable diligence he could have known of such incompetency or recklessness."

In the case of *Golembe v. Blumberg,* 262 App. Div. 759, 27 N. Y. S. (2d) 692, in a memorandum by the court, we find the following: "Liability is sought to be cast upon the respondent herein in three of the causes of action for having bought for his epileptic son, an adult, who was known by respondent to be an epileptic, an automobile, in the use of which, the son, at a time when he had an epileptic fit, ran into a pole and a tree, as a result of which plaintiffs, who were passengers in the car, were injured. No question is raised as to the knowledge by plaintiffs of the son's physical incapacity. The complaint states a cause of action (Restatement, Torts, § 390) and it was error to have dismissed the three causes of action. An automobile in and of itself is not a dangerous instrument, but may become such in the hands of a person physically incompetent to handle it. *Gillner v. Wallace,* 240 App. Div. 1003, 268 N. Y. S. 279."

In the case of *Hala v. Worthington,* 130 N. J. L. 162, 31 Atl. (2d) 844, the court affirmed a judgment in favor of a guest passenger against the owner of an automobile, for injuries sustained while riding with the owner's son, who was driving when the car failed to negotiate a curve in the road and ran into a tree. There was evidence that the defective vision of the driver was the proximate cause of the injury, and the condition of the son's eyesight was known to the owner of the car.

In volume 168 A. L. R. at page 365 in discussing the law relative to the facts in similar cases, to the one before us, we find the following: "However, as developed in the earlier annotations in this series, the law requires that an owner use care in allowing others to assume control over and operate his automobile, and holds him liable if he entrusts it to, and permits it to be operated by, a person whom he knows or should know to be an inexperienced, incompetent, or reckless driver, to be intoxicated or addicted to intoxication or otherwise incapable of properly operating an automobile without endangering others. Liability in such case does not arise out of the relationship of the parties but out of the act of entrustment of the automobile, with permission to operate the same, to one whose incompetency, inexperience, or recklessness is known or should have been known to the owner. *Williamson v. Eclipse Motor Lines* (Ohio) (reported herewith) *ante,* 1356." The author cites cases from many other jurisdictions and adhering to this principle of law.

In the case of *Williamson v. Eclipse Motor Lines,* 145 Ohio 467, 62 N. E. (2d) 339, a similar case was before the Supreme Court of Ohio and the Syllabus written by the court is as follows: "1. A motor vehicle is not an inherently dangerous instrumentality and an owner thereof is not generally liable for its negligent operation by another to whom it is entrusted to be used, or when it is in fact used for the other's own purpose. Liability may arise, however, where an owner permits the operation of his motor vehicle by one who is so lacking in competency and skill as to convert it into a dangerous instrumentality.

"2. Such liability does not arise out of the relationship of the parties, but from the act of entrustment of the motor vehicle with permission to operate the same, to one whose incompetency, inexperience or recklessness is known or should have been known by the owner."

In the case of *Williams v. Husted* (Ohio App.), 54 N. E. (2d) 165, the defendant, Husted, the automobile owner permitted her granddaughter to use the automobile, knowing that she, on account of her youth and physical disability, was incompetent to drive, and she with some other young people in the car, drove it, and had an accident in which two of the occupants were killed and two others were injured. It is alleged in the complaint that the plaintiff was a passenger in the car, and driven by the defendant's granddaughter, and by reason of the inexperience and inability of the granddaughter to control the car, the plaintiff was injured. Two questions were presented to the court, the first: "Is the owner of an automobile, who negligently permits an incompetent driver to use his automobile, liable for the injury sustained by a guest of the driver, due to the negligent operation of the driver?" The court answered that question in the affirmative.

The trial court held that he was of the opinion that by reason of the provisions of the "Guest Statute," the parties failed to state a cause of action, and the demurrers were therefore sustained to the declaration. The Supreme Court stated: "that aside from the question of the 'Guest Statute,' we must determine whether or not the grandfather is responsible for the negligence of his granddaughter. It is our opinion that the 'Guest Statute,' has no application to the facts as pleaded, for the reason that the plaintiff was not the guest of the defendant. Viewing the matter as we do, we are of the opinion that the case at bar should not have been decided in favor of the defendant on demurrer, but that the defendant should have been made to answer, and the issues as made should have been submitted to a jury under proper instructions."

The appellee contends that these cases and similar ones are not authority for the proposition that is presented to this court for our consideration. That in all of these cases the party injured is suing the owner, or driver of the car. It will be observed in the

complaint in this case that the third and fourth counts charge the defendant with wilful and wanton misconduct, as having knowledge of the defective condition of his automobile, and in loaning the same to Maynard Hughes for the purpose of taking the plaintiff riding. It seems to us that this is a compliance with the "Guest Statute," and the burden would be cast upon the plaintiff to charge and prove that the defendant had knowledge of such defect in the car at the time it was loaned for the purpose, as stated. For the purpose of this hearing, the facts are admitted that he did so loan the car, having knowledge of such defect. It is charged that such defect was the cause of the injuries to the plaintiff. Certainly, if the plaintiff can prove that the defendant knew that the steering gear of his automobile was in such defective condition that it would lock, and the driver of the same would be unable to control it on a public highway, that this would be a reckless disregard of the rights of other people either riding in the car, or other people on the road, and he would be guilty of wilful and wanton misconduct in so allowing the car to be driven upon the highway in such condition.

It is our conclusion that the complaint in this case stated a good cause of action against the defendant, and the court erred in sustaining the motion to dismiss the same, and entering judgment in favor of the defendant.

It is urged that the court erred in not allowing the plaintiff to amend her complaint after the judgment had been entered in favor of the defendant. The statute provides that liberal amendments should be allowed, and as the case will be reversed and remanded, we think the plaintiff is entitled to amend her complaint. The judgment appealed from is hereby reversed, and the cause remanded.

*Judgment reversed and cause remanded.*