PATRICK CROWLEY, Plaintiff-Appellant, v. A-NORTH SHORE DRIVING SCHOOL, Defendant-Appellee.

(No. 57834;

First District (1st Division)—May 20, 1974.

John R. Ryan, of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (James P. Dorr and Robert E. Haley, of counsel), for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

This is an action for personal injuries allegedly incurred by the plaintiff in the course of administering a driving test to a student of defendant driving school. At the close of the plaintiff's evidence, the court directed a verdict in favor of defendant. Plaintiff appeals.

At the trial, plaintiff testified that on June 28, 1967, the date of the occurrence, he was a State of Illinois driver's license examiner at the North Elston Avenue facility in Chicago, Illinois. He testified that an A-North Shore Driving School instructor named Bill presented a woman named Joan for a driving test. Plaintiff testified that the instructor drove the A-North Shore Driving School vehicle up to the starting line for the driving course. The instructor exited the vehicle and the applicant Joan

moved over to the driver's seat. The instructor Bill then stated to plaintiff, "She's ready, take her out."

Plaintiff further testified that he entered the vehicle and was seated on the passenger side of the vehicle. He gave the driver a brief outline concerning the driving course and then they commenced the road test. Plaintiff testified that during the course of the road test, the driver struck a stationary abutment, namely a signal box, and as a result thereof, he was injured.

Plaintiff testified that after the accident, he had x-rays taken and that there was an injury to his right shoulder. He testified that his shoulder was treated with a hot water bottle.

On cross-examination, plaintiff was asked and he responded affirmatively that during his deposition on May 11, 1971, the following colloquy transpired:

> (Defense Counsel) "Q—Did you have any conversation with the applicant's driving instructor from North Shore prior to her getting into the car, regarding this specific applicant?
>
> (Plaintiff) A—I can't recall. We probably said, 'Hi, how are you,' something like that. That would be it, because they would drive the applicant up to the course and I would tell her to move over and get in the car. I imagine I said, 'Good morning,' or 'Good afternoon, how are you doing?' "

He further testified that the driving applicant had performed well on the driving course prior to the time she struck the abutment.

At the conclusion of plaintiff's testimony, he rested his case. Defendant moved for a directed verdict on the basis that plaintiff had failed to prove negligence on the part of defendant and that plaintiff had failed to prove any damages. The court granted defendant's motion for a directed verdict. Plaintiff appeals from the judgment entered thereon.

■■ In determining the propriety of the directed verdict, we shall apply the standard enunciated by the Illinois Supreme Court in *Pedrick v. Peoria & Eastern Ry. Co.*, 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14:

> "[V]erdicts ought to be directed * * * only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

Plaintiff argues that defendant is liable on a theory of negligent entrustment. In support of his argument, plaintiff maintains that Illinois courts recognize liability arising from the act of entrustment of an automobile to one whose incompetency, inexperience or recklessness is known or should have been known by the owner of the vehicle. *Dyreson v. Sharp*, 333 Ill.App. 198, 76 N.E.2d 809.

■■ Plaintiff offered no evidence to indicate that defendant knew or should have known that the driver, later identified as Joan I. Noah, was incompetent, inexperienced or reckless. Therefore, the trial court was correct in directing a verdict in favor of defendant and against plaintiff as to the negligent entrustment allegation.

Plaintiff next argues that the doctrine of *res ipsa loquitur* is applicable. We disagree.

■■ Before the doctrine of *res ipsa loquitur* can be applied, it is necessary to prove the defendant's control of the immediate cause of the injury is exclusive; the doctrine cannot be invoked without evidence tending to establish that the injury complained of was caused by someone under defendant's control. (*Roberts v. City of Sterling*, 22 Ill.App.2d 337, 161 N.E.2d 138.) Plaintiff has not made such a showing.

Plaintiff argues that the doctrine of strict liability in tort is applicable because defendant's business is hazardous and the risk to the public is dependent upon the expertise of the operator. In support of his argument plaintiff relies upon sections 388 to 391 of the Restatement of Torts (Second). We have examined the sections cited and are of the opinion that they have no application to the factual situation of the instant case.

Plaintiff also relies upon the recent decision of *Galluccio v. Hertz Corp.*, 1 Ill.App.3d 272, 274 N.E.2d 178. The doctrine of strict liability in tort under section 402(A) of the Restatement of Torts (Second) was adopted by the Illinois Supreme Court in *Suvada v. White Motor Co.*, 32 Ill.2d 612, 210 N.E.2d 182, In *Galluccio*, the Illinois Appellate Court for the Fifth District expanded the doctrine of strict liability in tort discussed in section 402(A) of the Restatement to bailor-bailee relationships. We are, however, of the opinion that *Suvada* and *Galluccio* are distinguishable from the present case. In both *Suvada* and *Galluccio*, the defendants introduced into the stream of commerce products with defects which were unreasonably dangerous, namely defective braking systems. In the present case there is no evidence that the automobile in which plaintiff was allegedly injured contained a defective condition.

Plaintiff argues that defendant and the driver of the vehicle were engaged in a joint venture and that the liability of either is chargeable to both.

■■ As the Illinois Appellate Court for the Second District stated in *Johnson v. Turner*, 319 Ill.App. 265, 280, 49 N.E.2d 297, 304:

> "Negligence in the conduct of another will not be imputed to a party if he did not authorize such conduct, participate therein, or have the right or power to control it."

See also *Babington v. Bogdanovic*, 7 Ill.App.3d 593, 288 N.E.2d 40.

■■ In the present case there is no proof that defendant authorized, participated in or had the right or power to control the conduct of the driver, Joan I. Noah, and consequently the doctrine of joint venture is inapplicable.

Plaintiff argues that legislative intent precludes denial of liability by the operator of a driver training school for the acts or omissions of a driving student. The argument is premised upon paragraph 6—113(5) of chapter 95½, Ill. Rev. Stat. 1967, ch. 95½, par. 6—113(5).

The aforesaid statutory reference upon which plaintiff relies provides, *inter alia*, that driver training schools:

"5. Maintain bodily injury and property damage liability insurance on motor vehicles while used in driving instruction, insuring the liability of the driving school, the driving instructors and any person taking instruction in at least the following amounts: $50,-000 for bodily injury to or death of one person in any one accident and, subject to such limit for one person, * * *."

■■ We are of the opinion that this statute does not impose, as plaintiff suggests, "absolute liability." The requirement of liability insurance does not remove the plaintiff's burden of proving negligence or fault of one of those covered by the insurance.

In the present case, plaintiff did not prove that the defendant A-North Shore Driving School or its agent, the driving instructor, was negligent. Plaintiff's counsel during a colloquy with the trial judge concerning defendant's motion for a directed verdict stated: "I don't see how she (Joan I. Noah) could be negligent." Under these circumstances, we conclude that paragraph 6—113(5) of chapter 95½ (Ill. Rev. Stat. 1967, ch. 95½, par. 6—113(5)) has no application.

For these reasons, the judgment is affirmed.

Judgment affirmed.

EGAN, P. J., and HALLETT, J., concur.