Frank Ewald, Appellee, v. Pielet Scrap Iron and Metal Company et al., Sued Herein as Co-partners, Trading as Pielet Wrecking and Scrap Iron Company and Frank Kowla, Defendants. Pielet Scrap Iron and Metal Company et al., Sued Herein as Co-partners, Trading as Pielet Wrecking and Scrap Iron Company, Appellants.

Gen. No. 41,604.

Opinion filed April 23, 1941. Rehearing denied May 15, 1941.

Lord, Bissell & Kadyk, of Chicago, for appellants.

Alfred M. Loeser, of Chicago, for appellee; Harold Z. Novak, of Chicago, of counsel.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

Defendants herein, with the exception of Frank Kowla, bring this appeal from a judgment for $4,000 entered in favor of plaintiff for damages alleged to have been sustained because of an assault and battery committed on plaintiff by defendants' watchman, Frank Kowla, acting within the scope of his authority. The cause was tried before a judge and jury, resulting in a verdict for $5,800, upon which the trial judge requested that a remittitur of $1,800 be made and entered judgment for $4,000, as aforesaid.

Plaintiff's theory of the case is that he was assaulted by defendants' watchman acting in the course of his employment, and that as a result of the assault he sustained serious injuries.

Defendants' theory of the case is that plaintiff sustained only superficial injuries as a result of the encounter and the damages awarded are grossly excessive; that defendants were deprived of a fair trial by the repeated prejudicial misconduct of plaintiff's counsel and by the admission of irrelevant and prejudicial evidence offered by the plaintiff; that plaintiff should not have been permitted to give his opinion that he had fully recuperated from a prior accident; that the hypothetical question propounded by plaintiff was improper because it omitted material facts and included other facts not in evidence and should have been stricken; that the individual defendants are in no event liable because the watchman was not their employee.

The evidence in this case shows that some of the defendants are engaged in maintaining a junk yard either in their own names or in the name of the corporation as herein set forth; that the junk yard is located at 2641 south Whipple street, Chicago, Illinois.

The evidence further shows that one Frank Kowla was acting as a watchman for the defendants or some of them; that on May 29, 1938, plaintiff, while walking on the sidewalk in a northerly direction on the east side of Whipple street, as he neared defendants' junk yard, heard a voice calling to him to come into the junk yard; that plaintiff looked and saw a fellow whom he knew by sight, but whom he does not identify, and that person motioned for plaintiff to come into the yard; that plaintiff walked into the junk yard and when he had proceeded some 30 or 35 feet, he heard someone "cuss" and mumble behind him; that as he turned to see who it was, he heard a shot and at the same time was hit on the head and he fell backwards; that plaintiff was hit on the head with the butt end of a revolver which knocked him unconscious; that plaintiff was severely injured and was taken to a hospital; that according to the testimony of the doctor who examined him shortly thereafter, plaintiff received a head concussion; that he had trouble with his left arm and leg and his eyes bothered him and there was a blurring of vision; that plaintiff's back was injured when he fell after he had been shot and assaulted; that plaintiff did not recover his health for over a period of two years thereafter and then only after having been put to great expense, loss of time and suffering.

No grave question of law arises in this case, as it is based almost entirely on questions of fact. Some complaint, however, is made that improper questions were asked by counsel for plaintiff which were prejudicial. In looking through the abstract one is cogni-

zant of the fact that counsel for defendants erred in this regard as frequently as did counsel for plaintiff.

Plaintiff apparently bases his theory relative to defendants' responsibility in this case on the proposition that a master who negligently selects an incompetent servant or who retains in his employ a servant known to be incompetent, is liable for injuries to third persons resulting from the acts of the incompetent servant and he must exercise care in the selection or retention of his servants.

In offering proof in this case plaintiff failed to make any distinction between the Pielet Scrap Iron & Metal Co., a corporation, Bessie Pielet, Dave Pielet and Robert A. Pielet, sued herein as co-partners doing business as Pielet Wrecking & Scrap Iron Company. The verdict of the jury found them all guilty and judgment was entered against all of them for the entire amount. The uncontradicted evidence shows the Pielets as individuals had no interest in the junk yard; that the junk yard belonged to the corporation and the watchman was employed by the corporation solely. No proof has been definitely made as to for whom this man Kowla was working, whether he was working for the corporation or for the partnership. Manifestly, these are two different entities and the evidence does not make this point clear, that is whether Kowla was working for either or both. The judgment should be entered against only those who are legally liable.

Plaintiff's theory of the case, as stated, is that Kowla made a motion with his hand indicating that plaintiff should come into the junk yard, but no evidence is shown as to what was said at the time. The evidence does not show nor does the plaintiff contend that as a result of this so-called motion by some one not identified by plaintiff, that plaintiff was induced to enter the junk yard and thereby became an invitee of the defendants.

The complaint alleges that the actions of the watchman were pursuant to his employment. It is difficult to believe that a watchman would be hired to invite individuals into the junk yard for the purpose of assaulting or shooting them. *Metzler v. Layton,* 373 Ill. 88.

It further appears that proof was introduced showing that the watchman was in the habit of getting drunk and had theretofore assaulted other persons. If plaintiff's theory is that the defendants are liable under the doctrine of *respondeat superior,* the fact that the watchman had previously assaulted someone else, at a different time and place, would throw no light on the assault in the instant case but, on the contrary, would be very prejudicial and we think the court erred in admitting such evidence.

Inasmuch as this case will have to be retried, we shall not comment further on the issues or the evidence. Suffice it to say that the record does not justify the verdict and judgment.

For the reasons herein given the judgment of the circuit court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

HEBEL, P. J., and BURKE, J., concur.