**Shirley Eugene Barton, a Minor, by Shirley E. Barton, His Father and Next Friend, and Shirley E. Barton, Plaintiffs-Appellants, v. Lloyd Williams and Sharon Williams, Defendants-Appellees.**

Term No. 54–O–14.

Fourth District.

February 1, 1955.

Released for publication March 3, 1955.

Gilbert Rosch, of Granite City, for appellants.

James L. Reed, of Edwardsville, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Madison county entered by the court below in favor of defendant Lloyd Williams following the granting of a motion for directed verdict as to said defendant.

The action was one against defendant Lloyd Williams and his minor daughter, Sharon Williams, who was fourteen years of age at the time she drove the automobile involved in an accident which gave rise to the injuries complained of. The negligence charged against the father, Lloyd Williams, in the complaint was that at the time and place of the accident his daughter was driving his automobile with his knowledge and consent and that she was wholly unfit and incapable of driving a motor vehicle. There was no allegation of agency.

The facts presented by the record show simply that the father, Lloyd Williams, knew that his daughter who was below the age of fifteen years and could not obtain a driver's license had driven the car in the presence of her father and under his personal supervision. There was no evidence that the daughter had ever driven the car alone with her father's permission, but simply evidence to the effect that the key to the car was kept in a certain place in the home and that the daughter had taken the key from such place on unauthorized occasions, without the knowledge of the father, and had driven the automobile. The record shows that the key was taken on the particular day in question by the daughter, without the knowledge or consent of the father, and that the accident happened while the daughter was driving on such excursion unknown to the father.

It is the position of plaintiff on this appeal, very simply, that the action as against the father is predicated on the case of Ney v. Yellow Cab Co., 2 Ill.2d 74. It is the contention of plaintiffs that the fact that the father permitted the keys to remain where they might be accessible to the daughter made it reasonably foreseeable that the daughter might take the keys and that as a consequence the father would be responsible for the consequential damages and injury resulting from the negligence of the daughter. In the Ney case the Supreme Court determined that a complaint charging violation of the statute when an automobile was permitted to stand unattended without stopping the engine, locking the ignition, and removing the key as a public safety measure properly charged an offense since such negligent act or omission could have been foreseen as a reasonable cause of the ultimate injury by a thief who would steal the car and drive it away. In that case the thief stole the taxicab and while in flight ran into the plaintiff's vehicle. The question before the court was whether defendant's negligence in

268

violation of the statute was the proximate cause of the accident, and the court there determined that it was a question of fact for the jury to decide.

■ In the case before us there is no showing of any violation of the statute, or negligence on part of the father which could reasonably have resulted in an accident, and the only statute involved is the one which prohibits a minor from driving without an operator's license. That statute is directed as against the operator of the car and not as against the owner. The case before us is, therefore, distinguishable from the case of Ney v. Yellow Cab Co., supra, where the statute which was violated imposed a duty on the owner.

■ ■ An automobile in and of itself is not a dangerous instrument, per se (Arkin v. Page, 287 Ill. 420). There was no authorization to the minor in this case to drive the automobile, and there was no showing in the record of a causal connection between any acts of the father and the injury sustained by plaintiff.

We must therefore conclude that the judgment of the circuit court of Madison county was correct and should be affirmed.

Judgment affirmed.

BARDENS and SCHEINEMAN, JJ., concur.