**Fred Nemerovski, and Company, Plaintiff-Appellant, v. Vito Barbara, Defendant-Appellee and Cross-Appellant.**

**Gen. No. 52,176.**

First District, Fourth Division.

March 5, 1969.

Rehearing denied March 31, 1969.

Wexler & Wexler, and Samuel S. Cohon, of Chicago, for appellants.

Anthony F. Spina, of Elmwood Park (Anthony F. Spina and Philip J. McGuire, of counsel), for appellee.

MR. JUSTICE STAMOS delivered the opinion of the court.

This is an appeal by plaintiff from an order dismissing his Second Amended Complaint. Defendant has taken a

cross-appeal from an order denying him relief under section 41 of the Civil Practice Act.

Plaintiff, Fred Nemerovski, & Company, brought suit against the defendants, Vito and C. Barbara, to recover the balance due for earned premiums on certain insurance policies sold by the plaintiff to the defendants.

Plaintiff's original verified complaint alleged that there was a balance of $2,936.40 due plaintiff from defendants Vito and C. Barbara for earned premiums on insurance policies sold to the defendants. Defendants answered the complaint by denying the allegations of the complaint; defendants also filed a verified counterclaim in two counts. Count I of the counterclaim alleged that there was a balance due defendants (counterplaintiffs) in the amount of $60.82 "for return premiums due to credits, cancellations and audits" on various insurance policies sold to defendants (counterplaintiffs) by plaintiff (counterdefendant). Count II was based on section 41 of the Civil Practice Act in which defendant (counterplaintiff) sought to recover attorney fees and the costs of defending against the original complaint on the ground that plaintiff was guilty of "wrongfully pleading known untrue facts." Plaintiff (counterdefendant) filed an answer denying the allegations of the counterclaims and reaffirming his original complaint. Subsequently defendants (counterplaintiffs) amended Count I of the counterclaim alleging that the balance due was $59.60 rather than the $60.82 as originally alleged.

Various motions were filed by both parties during the course of the pretrial. As a result of these motions, C. Barbara was dismissed as a defendant on motion of the plaintiff; plaintiff was ordered to produce certain books and records for the purpose of discovery; defendant's motion for summary judgment was denied; and plaintiff was granted leave to file a Second Amended Complaint.

Plaintiff's Second Amended Complaint like the original complaint was verified. A statement of account, Exhibit "A," dated December 27, 1966, was attached to the original complaint and reflected a balance due of $2,936.40. A statement of account, Exhibit "B," was dated December 8, 1966, and attached to the Second Amended Complaint and carried forth the previous balance of $2,936.40, then listed other credits and debits reducing the balance due to $748.41. Paragraph 2 of the Amended Complaint alleged as follows:

"That since the filing of the plaintiff's first Amended Complaint herein various credits have been received from the insurance companies and there now is now due and owing from the defendants a balance of $748.41 for earned premiums on various policies of insurance issued to the defendants at their special instance and request as per itemized statements hereto attached and made a part hereof and marked Exhibit A and B."

After plaintiff had filed his Second Amended Complaint the defendant served upon plaintiff a Request to Admit Facts. Plaintiff answered certain of the requests and was excused by court order from answering others.

Defendant then filed a motion to strike the Second Amended Complaint. The motion stated in part:

"The verified Second Amended Complaint at Law states in Paragraph 2 that the credits allowed to the account of the Defendant, since the time of filing the verified First Amended Complaint at Law, were received since that time, namely, October of 1966. In a request to admit facts, filed with this court, and at a hearing on which was held February 9, 1967, the Plaintiff, under oath, admitted receipt of these credits from as far back as the year 1963. That perjury has been committed in the filing of said Com-

plaint. Further, this Defendant states that the complaint on its face is defective and that Paragraph 2 of said complaint states that the credits in 'Exhibit B' were allowed since October 1966; whereas, said 'Exhibit B' shows that the credits were allowed in some instances years before."

An order was entered pursuant to defendant's motion dismissing plaintiff's Second Amended Complaint and finding against Plaintiff. Plaintiff has appealed from this order.

Defendant never filed an answer to the Second Amended Complaint nor is there any denial in the record that the defendant is not indebted to the plaintiff for the amount alleged in the Second Amended Complaint.

OPINION

Plaintiff contends that the court had no right to dismiss the case because of contradictory statements in the pleadings. Defendant argues that the contradictions were perjurious.

There is no doubt that the verification of a material allegation in a pleading, knowing it to be false, is perjury. Loraitis v. Kukulka, 1 Ill2d 533, 116 NE2d 329 (1953). The knowing verification of a false material allegation subjects the person who made the alleged false material allegation to respond to perjury charges. Ill Rev Stats, c 38, § 32-2 (1967). A person who commits perjury may be held in contempt notwithstanding that it is also punishable as a criminal offense. People v. Bialek, 31 Ill App2d 281, 175 NE2d 278 (1961); ILP, Contempt, § 27. The verification of a false statement also impairs the confidence in the veracity of the party who made the false verification. Petru v. Petru, 4 Ill App2d 1, 123 NE2d 352 (1954). Defendant has not cited any authority holding that a perjurious complaint is subject to dismissal on that ground.

470

■ However, he does contend that a court has the power to dismiss a complaint on the ground that it is a sham. Defendant has misconceived the doctrine of sham pleading. The doctrine of sham pleading only had its application with respect to sham pleas or answers, and was not applicable to complaints in the absence of statutory authority. 71 CJS, Pleading, § 69. The practice of striking pleas as sham was stated in Robertson v. Moir, 88 Ill App 355 (1899) at page 356:

> "The practice of attacking pleas by motion to strike off upon the ground that they were sham pleas, was in the common law practice based upon the obvious falsity of the plea or upon some showing by affidavit accompanying the motion, by which it was made to appear to the court that the plea thus attacked was so clearly a false plea that it could not be treated as presenting any matter of *substantial litigation.*" 1 Chitty Pl (9th Ed), p 542; Stephen on Pleading, (Andrews' Ed) § 228. (Emphasis added.)

Even assuming that the doctrine of sham pleading could be applied in the case where an allegation in the complaint is made with the knowledge that it was false, we find no justification for dismissing the Second Amended Complaint.

Assuming that the allegation as to the point in time when plaintiff received the credits from the insurance companies was false, this alone does not warrant a dismissal of his complaint. The point in time at which plaintiff received the credits has no relationship to his right to seek recovery of the balance that he alleges is due him.

■ Defendant moved to dismiss the complaint, not for summary judgment supported by affidavits nor judgment on the pleading. He thereby admitted as

471

true the facts properly pleaded in the complaint and cannot argue that they were untrue.

Since defendant's motion admitted all facts properly pleaded the court had no occasion to find that any of the material averments were untrue. The only issue before the court on defendant's motion to dismiss was an issue of law. Section 41 of the Civil Practice Act does not apply where defendant's only pleading admits as true all properly pleaded facts. Sarelas v. Anagnost, 86 Ill App2d 69, 229 NE2d 890 (1967). The order denying defendant's motion for attorney fees and expenses under section 41 of the Civil Practice Act is affirmed.

For the reasons given, the order of the court below entered February 16, 1967, dismissing plaintiff's Second Amended Complaint is hereby reversed and the cause remanded with direction to vacate the dismissal and reinstate the cause on the dockets of the Circuit Court of Cook County.

Reversed and remanded with directions.

DRUCKER, P. J. and ENGLISH, J., concur.