EDWARD D. ROSENBERG *et al.*, Plaintiffs-Appellants-Appellees, *v.* PACKERLAND PACKING CO., INC., *et al.*, Defendants-Appellees-Appellants.

First District (2nd Division)   Nos. 76-927, 76-1263 cons.

Opinion filed December 13, 1977.

Rosenberg & Kosin, of Chicago (Edward D. Rosenberg and Joel S. Ostrow, of counsel), for appellants.

Richard B. Weil, Joseph H. Horwitz, and James P. Freiburg, all of Pesmen, Goodman & Weil, of Chicago, for appellees.

Mr. JUSTICE PUSATERI delivered the opinion of the court:

In this consolidated appeal, we are concerned with whether each count of plaintiffs' three-count second amended complaint states a cause of action. In cause No. 76-1263, plaintiffs-appellants appeal from the dismissal of counts I and III of their complaint for failure to state a cause of action. Cause No. 76-927 is an interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308) from an order of the circuit court of Cook County denying defendant's motion to dismiss count II of the complaint for failure to state a cause of action and identifying the following question of law for our review:

> "Under what circumstances may [a] principal be liable for the outrageous conduct of its agent causing the intentional infliction of mental anguish where there is no contact or impact with the victim."

In each count of the second amended complaint, plaintiffs, Edward D. Rosenberg, Virginia S. Rosenberg and Nina and Beth Rosenberg, alleged that an agent, servant, or lessee of defendant Packerland Packing Co. controlled its tractor and trailer, which defendant owned and operated as an interstate common carrier, in such a manner as to come within two feet of plaintiffs' vehicle at speeds of 70 to 80 miles per hour, and even after signalling by the plaintiffs that said truck should pass them, the unknown operator of defendant's truck continued to make feints at the rear of plaintiffs' vehicle as if he were going to strike the plaintiffs' vehicle, all of this occurring over a "long span of time." It was alleged that the date of the occurrence was March 9, 1975, that the place of occurrence was I-94 in Lake County, Illinois, and that both vehicles were proceeding in a southerly direction.

Count I alleged that the truck driver's conduct constituted the negligent infliction of emotional distress and a negligent assault, and that defendant

Packerland was liable under *respondeat superior* and for negligently allowing one of its agents and/or lessees to operate its truck when it knew or should have known said operator was emotionally and mentally unstable and unsuitable as an operator, was so negligent that he would cause and strike fear into other persons using roadways reserved to the general public, and was probably insane.

Count II alleged that the truck driver's conduct constituted the intentional infliction of emotional distress and an intentional assault, and that defendant Packerland was liable under *respondeat superior* and for wilfully, wantonly, or intentionally allowing one of its agents and/or lessees to operate its truck when it knew or should have known said operator was emotionally and mentally unstable and unsuitable as an operator, had a disposition for intentional conduct which would cause or strike fear into other persons using roadways reserved for the general public, and was probably insane.

Count III alleged that the truck driver's conduct was performed negligently, gross negligently, in wilful disregard for the safety of others, or intentionally and in violation of certain Federal regulations. Further, that defendant Packerland was liable under *respondeat superior* and individually for negligently and/or gross negligent and/or in wilful disregard for the safety of others and/or intentionally: (a) allowing one of its agents and/or lessees to operate its truck when it knew or should have known said operator was emotionally and mentally unstable and unsuitable as an operator, had a disposition for intentional conduct which would cause and strike fear into other persons using roadways reserved for the general public, and was probably insane; and (b) permitting its trucks to operate in violation of the Federal regulations applicable to interstate commerce.

■■ "At the outset we are mindful of the basic principles that defendant['s] motion to dismiss admits as true for the purpose of the motion, all facts well pleaded together with all reasonable inferences which could be drawn from these facts." (*Hubbard v. Aetna Insurance Co.* (1st Dist. 1976), 37 Ill. App. 3d 666, 669, 347 N.E.2d 396.) However, as said in *O'Fallon Development Co. v. Ring* (1967), 37 Ill. 2d 84, 88, 224 N.E.2d 782, "* * * a motion to dismiss admits facts well pleaded; but it admits them only for the purpose of determining whether, as a matter of law, those facts state a claim upon which relief may be granted." See *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 554, 328 N.E.2d 538.

■■■ Plaintiffs failed to state a cause of action under count I for the negligent infliction of severe emotional distress since they failed to allege bodily injury and since there was no physical impact between the vehicles or upon the plaintiffs' persons. (*Braun v. Craven* (1898), 175 Ill. 401, 51 N.E. 657; *Benza v. Shulman Air Freight* (1st Dist. 1977), 46 Ill. App. 3d

521, 361 N.E.2d 91.) Plaintiffs failed to state a cause of action under this same count for a "negligent" assault; assault is an intentional tort. "There is, properly speaking, no such thing as a negligent assault." Prosser, Torts §10, at 41 (4th ed. 1971).

■■■ As to count II, physical injury need not be present to sustain a cause of action for the intentional infliction of severe emotional distress; nor is physical impact upon the plaintiffs' person required. (*Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157; *Pierce v. Board of Education* (1st Dist. 1976), 44 Ill. App. 3d 324, 358 N.E.2d 67.) We note also that in *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 90, 360 N.E.2d 765, in speaking of the type of conduct which gives rise to a cause of action for intentional infliction of severe emotional distress, our supreme court stated that the conduct must be extreme and outrageous, " ° ° ° 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency ° ° °.' Restatement (Second) of Torts, sec. 46, comment d (1965)." The court also stated that the emotional distress must be severe, " ° ° ° Although fright, horror, grief, shame, humiliation, worry, etc. may fall within the ambit of the term 'emotional distress,' these mental conditions alone are not actionable. 'The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. ° ° °' Comment j. See also Prosser, Law of Torts, sec. 12, at 54 (4th ed. 1971)."

■■ Under the facts alleged in count II, we find that the unknown truck driver's conduct may constitute extreme and outrageous conduct calculated to cause severe emotional distress. Further, we believe the conduct alleged in count II may constitute the intentional tort of assault. An assault is a reasonable apprehension of an imminent battery. See Prosser, Torts §§9-10, at 34-41 (4th ed. 1971).

■■ Defendant Packerland would not be vicariously liable under *respondeat superior* for its driver's intentional infliction of severe emotional distress, since such conduct would be outside the scope of the driver's employment. (*Nelson v. Nuccio* (1st Dist. 1971), 131 Ill. App. 2d 261, 264, 268 N.E.2d 543.) Neither would defendant Packerland be liable under *respondeat superior* for its driver's assault, as it is without the scope of employment for it was not in furtherance of the master's business. *Tatham v. Wabash R.R. Co.* (1952), 412 Ill. 568, 107 N.E.2d 735; *Hoover v. University of Chicago Hospitals* (1st Dist. 1977), 51 Ill. App. 3d 263, 366 N.E.2d 925; *Bolwin v. El Kay Manufacturing Co.* (1st Dist. 1975), 32 Ill. App. 3d 138, 336 N.E.2d 502; *Awe v. Striker* (4th Dist. 1970), 129 Ill. App. 2d 478, 263 N.E.2d 345; *Pascoe v. Meadowmoor Dairies* (1st Dist. 1963), 41 Ill. App. 2d 52, 190 N.E.2d 156; *Bonnem v. Harrison* (2d Dist. 1958), 17 Ill. App. 2d 292, 150 N.E.2d 383; *Shannessy v. Walgreen Co.* (1st Dist. 1945), 324 Ill. App. 590, 59 N.E.2d 330; *Ewald v. Pielet Scrap Iron &*

*Metal Co.* (1st Dist. 1941), 310 Ill. App. 218, 33 N.E.2d 930; *Bremen State Bank v. Hartford Acc. & Indem. Co.* (7th Cir. 1970), 427 F.2d 425.

■■ Plaintiffs contend that defendant Packerland should be held liable under count II for intentionally hiring an unstable driver, while defendant Packerland argues that plaintiffs are attempting to espouse a theory of negligent hiring in count II. We agree that out courts recognize a cause of action for negligent or reckless hiring of an employee who commits a criminal or intentional act outside the scope of employment. (*Tatham v. Wabash R.R. Co.* (1952), 412 Ill. 568, 107 N.E.2d 735; *Becken v. Manpower, Inc.* (7th Cir. 1976), 532 F.2d 56.) However, we construe count II to allege an entrustment theory; that defendant Packerland wilfully, wantonly, or intentionally entrusted its truck to a driver it knew or should have known was emotionally and mentally unstable and unsuitable, had a disposition for intentional conduct which would cause or strike fear into other persons using roadways reserved for the general public, and was probably insane. A motion to dismiss does not lie if a good cause of action is stated, although not the one intended by plaintiff(s). *Browning v. Heritage Insurance Co.* (2d Dist. 1975), 33 Ill. App. 3d 943, 947, 338 N.E.2d 912; Nichols, Illinois Civil Practice §1413 (1961).

■■ Our courts recognize liability from the act of entrustment of a motor vehicle to one whose incompetency, inexperience or recklessness is known or should have been known by the owner or entruster of the vehicle. *Barton v. Williams* (4th Dist. 1955), 4 Ill. App. 2d 266, 124 N.E.2d 356; *Milner v. Nelson* (3d Dist. 1950), 340 Ill. App. 21, 91 N.E.2d 111; *Dyreson v. Sharp* (2d Dist. 1947), 333 Ill. App. 198, 76 N.E.2d 809; *Bensman v. Reed* (4th Dist. 1939), 299 Ill. App. 531, 20 N.E.2d 910; *Union Bank of Chicago v. Kalkhurst* (1st Dist. 1932), 265 Ill. App. 254.

In *Bensman,* the court stated:

> "If an incompetent or reckless driver while driving the automobile of another for his own purposes commits an act that causes the automobile to damage another, the action or movement or the failure to act that caused the automobile to commit the injury was the act of the driver, but the owner's permission for the incompetent driver to drive his automobile supplied the instrumentality, use of which combined with the negligent act of the driver caused the injury. The permission of the owner sets in motion one of the agencies which makes possible the commission of the negligent act.
>
> There is a well founded principle of law that an owner of property has a duty to use his property so as not to injure another and it is but a sequence of that rule that places the duty upon the

owner to deny permission to another to drive his automobile for his own purposes when he knows such person is an incompetent or reckless driver or by the exercise of reasonable diligence he could have known of such incompetency or recklessness.

\* \* \*

The liability of the owner does not arise by merely proving that he gave permission to an incompetent driver to drive his automobile but it must also appear that the incompetency alleged was the proximate cause of the commission of the negligent act which caused the injury. In this case the incompetency alleged is John's defective vision and as one of the elements of a cause of action it was incumbent upon plaintiff to prove that John's negligent act in the management of the car was caused by his incompetency arising out of defective vision." (*Bensman,* at 533-34.)

In *Dyreson,* the court held:

" \* \* \* Certainly, if the plaintiff can prove that the defendant knew that the steering gear of his automobile was in such defective condition that it would lock, and the driver of the same would be unable to control it on a public highway, that this would be a reckless disregard of the rights of other people either riding in the car, or other people on the road, and he would be guilty of wilful and wanton misconduct in so allowing the car to be driven upon the highway in such condition" *Dyreson,* at 206.

We hold that count II states a cause of action against defendant Packerland for wilful, wanton, or intentional entrustment of its truck to an incompetent driver. "We see no valid distinction \* \* \* between the dispatch of a motor vehicle with defective [steering] and its dispatch with a defective driver." *Nault v. Smith* (1961), 194 Cal. App. 2d 257, 270, 14 Cal. Rptr. 889; *Syah v. Johnson* (1967), 247 Cal. App. 2d 534, 540, 55 Cal. Rptr. 741.

Plaintiffs must prove that defendant Packerland knew of its driver's incompetency, and such incompetency caused the driver to intentionally inflict severe emotional distress upon plaintiffs or assault plaintiffs. If proved, defendant Packerland could incur liability because it dispatched its truck with an incompetent driver; it is not charged with the intentional conduct of the driver.

In count III, plaintiffs allege that defendant Packerland, individually and through its servant or agent, violated the following rules and regulations of the Interstate Commerce Commission, promulgated under part II of the Interstate Commerce Act (49 U.S.C. §204):

"A person is physically qualified to drive a motor vehicle if he

\* \* \* has no mental, nervous, organic, or functional disease or psychiatric disorder likely to interfere with his ability to drive a motor vehicle safely." 49 C.F.R. §391.41(b)(9) (1976).

"Every motor vehicle must be operated in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Highway Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Highway Administration regulation must be complied with." 49 C.F.R. §392.2 (1976).

"No motor carrier shall schedule a run nor permit nor require the operation of any motor vehicle between points in such period of time as would necessitate the vehicle being operated at speeds greater than those prescribed by the jurisdictions in or through which the vehicle is being operated." 49 C.F.R. §392.6 (1976).

" \* \* \* 35 Fed. Reg. 6,460 as amended at 35 Fed. Reg. 17,420 which provides in substance as follows: Each motor carrier is required to investigate each employed driver's driving and employment records for three years previous to present employment."

" \* \* \* 39 Fed. Reg. 27,443, which provides in substance as follows:

It is the duty of the motor carrier to require observance of prohibitions and proscriptions on drivers as such prohibitions and proscriptions are required by these regulations."

■■ ■ Part II of the Interstate Commerce Act (49 U.S.C. §301 *et seq.*) does not provide for a private remedy for those injured by violations of part II. In *Riss & Co. v. Association of American Railroads* (D.C.D.C. 1959), 178 Supp. 438, the court held that only those common-law actions that are inconsistent with uniform regulation by the Interstate Commerce Commission were destroyed by the passage of the Interstate Commerce Act.

■■ In *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 390, 356 N.E.2d 93, our supreme court held that the violation of administrative rules, regulations, or orders designed to protect human life or property is *prima facie* evidence of negligence, provided they are validly adopted and have the force of law. The rules and regulations of the Interstate Commerce Commission, promulgated under part II of the Interstate Commerce Act (49 U.S.C. §304) have been held to have the force of law. (*Tri-State Casualty Insurance Co. v. Loper* (10th Cir. 1953), 204 F.2d 557; *Interstate Motor Lines v. Great Western Ry. Co.* (10th Cir. 1953), 204 F.2d 557; *Interstate Motor Lines v. Great Western Ry. Co.* (10th Cir. 1947), 161 F.2d 968; *Bussell v. Missouri Pac. R.R. Co.* (1964), 237 Ark. 812, 376 S.W.2d 545; *contra, Wright v. Des Moines Ry. Co.* (1941), 231 Iowa 410, 1

N.W.2d 259.) The rules and regulations recited in count III of plaintiffs' complaint appear to have been "intended to eliminate existing hazards as well as to prevent the creation of future ones." *Davis,* at 392, *Murphy v. Messerschmidt* (1977), 68 Ill. 2d 79, 368 N.E.2d 1299.

If plaintiffs prove that defendant Packerland was negligent in permitting its truck to operate in violation of the aforementioned rules and regulations, we believe that the jury might find that its driver's intervening intentional tort was foreseeable and that defendant's violation of the rules and regulations was the proximate cause of plaintiffs' injuries. (*Davis; Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74; *Childers v. Franklin* (5th Dist. 1964), 46 Ill. App. 2d 344, 352-54, 197 N.E.2d 148; *Barton v. Williams* (4th Dist. 1955), 4 Ill. App. 2d 266, 124 N.E.2d 356.) Therefore, count III should not have been dismissed.

We affirm the dismissal of count I of the complaint. We affirm the trial court's ruling that count II of the complaint states a valid cause of action and reverse the dismissal of count III. The cause is remanded for further proceedings.

Affirmed in part, reversed in part, and remanded.

DOWNING, P. J., and STAMOS, J., concur.