MARTIN GREGOR, a Minor, by his Mother and Next Friend, Elizabeth Gregor, Plaintiff-Appellant, *v.* WILLIAM E. KLEISER *et al.*, Defendants-Appellees.

Second District No. 82—58

Opinion filed December 29, 1982.—Rehearing denied February 1, 1983.

Thomas P. Cernak, of Chicago, for appellant.

John C. Bartler and Michael F. Dahlen, both of McKenna, Storer, Rowe, White & Farrug, of Wheaton, for appellees.

JUSTICE VAN DEUSEN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Du Page County dismissing plaintiff's second amended complaint for failure to state a cause of action against William E. Kleiser, Donna Kleiser and William Kleiser, Jr. In his reply brief, plaintiff conceded that his reliance on the doctrine of nuisance in count II was misplaced, and he therefore withdrew those allegations and has limited his appeal to that portion of the order dismissing count I of his second amended complaint.

■ An appeal from an order dismissing a complaint for failure to state a cause of action preserves for review only a question of law as to the complaint's legal sufficiency. (*Richards v. Leimbacher* (1971), 131 Ill. App. 2d 775, 778.) The well-settled principles of law that control the disposition of such a motion are succinctly set forth in *Cain v.*

*American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 578-79:

> "A motion to dismiss admits for purposes of review such facts as are well pleaded, but it does not admit conclusions of law, the pleader's construction of a statute, or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. (*Richards v. Leimbacher*, 131 Ill. App. 2d 775, 267 N.E.2d 523; *Fred Nemerovski, and Co. v. Barbara*, 106 Ill. App. 2d 466, 246 N.E.2d 124.) In determining whether a complaint states facts or conclusions, the complaint must be considered as a whole and not in its disconnected parts. (*Courtney v. Board of Education*, 6 Ill. App. 3d 424, 286 N.E.2d 25.) With these legal principles in mind, a complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings which would entitle plaintiffs to relief. (*Courtney v. Board of Education, supra; Callaizakis v. Astor Development Co.*, 4 Ill. App. 3d 163, 280 N.E.2d 512.) Finally, section 42(2) of the Civil Practice Act states that '[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet.' (Ill. Rev. Stat. 1973, ch. 110, par. 42(2).)"

Therefore, the question before us is whether, measured by the foregoing standards, the allegations of count I of the plaintiff's second amended complaint are sufficient to state a cause of action against any or all of the defendant Kleisers.

Count I of the complaint charged that certain alleged acts or omissions of the defendants constituted wilful and wanton misconduct which was the proximate cause of plaintiff's injuries and damages.

In more detail, count I asserted, in substance, that on or about February 22, 1980, approximately 200 teenagers, most if not all of whom had been invited by William Kleiser, Jr., were gathered at the residence of William E. Kleiser and Donna Kleiser between the hours of 7:30 p.m. and 11:30 p.m. as the guests of the Kleisers and their teenage son, William Kleiser, Jr. Defendant Pape was also a guest at the invitation of William Kleiser, Jr., who engaged, authorized and directed Pape to maintain discipline by physical force and to perform the role of bouncer. Defendant Kleiser, Jr., knew well Pape's reputation and vicious propensities for violence upon others, as well as his body-building, weight-lifting achievements and extraordinary physical strength. It was further asserted in the complaint that the 200 guests so gathered were unmanageable and constituted a danger to the pub-

lic, including plaintiff; that they consumed alcoholic beverages; that the combination of the large number of young persons and the consumption of alcohol by them created a dangerous situation to the public at large, including plaintiff; and that the Kleisers knew or should have known that the above combination of facts created a condition which was dangerous and constituted a threat of bodily injury to the public at large, including plaintiff. At approximately 11:30 p.m., according to the allegations in the complaint, Pape, without cause or provocation, assaulted the plaintiff, causing the plaintiff to have severe and permanent injuries. Additionally, the complaint alleged that the Kleisers and each of them were guilty of conscious, reckless and wilful acts or omissions as set forth which proximately caused plaintiff to be injured and damaged.

■ Under the facts well pleaded, plaintiff was a social guest upon the premises of William E. Kleiser and Donna Kleiser. A social guest is a person who goes onto the property of another for companionship, diversion and enjoyment of hospitality. (*Fugate v. Sears, Roebuck & Co.* (1973), 12 Ill. App. 3d 656, 673.) It is well settled that a social guest is treated as a licensee and not an invitee. *Ciaglo v. Ciaglo* (1959), 20 Ill. App. 2d 360, 367.

■ A property owner is under no duty to make premises safe for a licensee. His only duty is to warn the licensee of concealed defects that are known to the owner and refrain from injuring him wilfully or wantonly. (*DuMond v. City of Mattoon* (1965), 60 Ill. App. 2d 83, 91, citing *Kapka v. Urbaszewski* (1964), 47 Ill. App. 2d 321, 325.) Wilful and wanton misconduct means a course of action which shows either a deliberate intention to harm or an utter indifference to, or conscious disregard for, the safety of others. (*Kapka v. Urbaszewski* (1964), 47 Ill. App. 2d 321, 324.) Wilful and wanton misconduct must be manifested by the facts alleged in the complaint, and the mere characterization of certain acts as wilful and wanton misconduct is insufficient to withstand a motion to dismiss. *Cipolla v. Bloom Township High School District No. 206* (1979), 69 Ill. App. 3d 434, 437.

■ We first point out that the allegations of the complaint that the number of the guests of the defendants was so large as to be unmanageable and to constitute a danger and threat to the public at large, including the plaintiff, and the additional allegation that the combination of a dangerously large number of approximately 200 young persons together with the consumption of alcoholic beverages by said young persons created a dangerous situation are conclusions of fact. A motion to dismiss does not admit conclusions of fact unsupported by underlying allegations of specific facts upon which such con-

clusions rest. (*Richards v. Leimbacher* (1971), 131 Ill. App. 2d 775, 778.) The underlying allegations here are that 200 teenagers, minors and adults, were gathered on defendants' premises and consumed alcoholic beverages. There are no allegations that any of the group were intoxicated, nor are any facts alleged upon which one could conclude that they were acting in an unruly or dangerous manner. The only antisocial behavior alleged in the complaint was that Charles A. Pape, without cause or provocation, struck and injured the plaintiff. Because the underlying allegations of fact contained in the complaint do not support the factual conclusions described above, these conclusional allegations cannot be considered well-pleaded facts which stand admitted, and they must be disregarded for the purpose of deciding the sufficiency of the complaint to state a cause of action.

■ With regard to the well-pleaded factual allegations directed against Mr. and Mrs. Kleiser, the second amended complaint alleges only that the Kleisers invited approximately 200 teenagers and young adults into their home; that they knew or should have known that the 200 would attend and consume alcoholic beverages, and that they knew or should have known that their son and one of the guests, Charles Pape, would consume alcoholic beverages. The complaint did not allege that Mr. and Mrs. Kleiser were aware that their son, William, Jr., had engaged Pape to maintain discipline by physical force and to perform the role of a bouncer or that he was acting as their agent in doing so. The facts well pleaded, taken together with all reasonable intendments and inferences which can be drawn therefrom in favor of the plaintiff, fail to establish that William E. Kleiser and Donna Kleiser were guilty of wilful and wanton misconduct or any other tortious conduct. Count I of the second amended complaint fails to state a cause of action against William E. Kleiser and Donna Kleiser, and the court properly dismissed it as to these defendants.

■ With reference to William Kleiser, Jr., however, we reach a contrary conclusion. Though the complaint was insufficient to make out a cause of action against any or all of the defendants based on their owners and occupiers status, the allegations in count I of the second amended complaint are legally sufficient to support a cause of action against the defendant William Kleiser, Jr., on two other theories. A motion to dismiss does not lie if a good cause of action is stated, although not the one intended by plaintiff. *Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 964; *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 947.

First, under a traditional *respondeat superior* analysis, an employer is liable for an employee's torts committed within the scope of

his employment. (*Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, 493.) The doctrine is applicable where an employee is acting within the scope of his employment with respect to the transaction or occurrence from which the injury arose. (*McDonnell v. City of Chicago* (1981), 102 Ill. App. 3d 578, 583.) If an employee commits an intentional tort with the dual purpose of furthering the employer's interest and venting personal anger, *respondeat superior* may lie; however, if the employee acts purely in his own interest, liability under *respondeat superior* is inappropriate. *Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, 493.

■ The complaint alleges that Kleiser, Jr., engaged, authorized and directed Pape to maintain discipline by physical force and to perform the role of a bouncer. While the complaint does not specifically allege that Pape was acting in the scope of his employment as a bouncer at the time he assaulted plaintiff, for the purpose of ruling on the motion to dismiss, a reasonable inference can be drawn from the facts well pleaded that he was so engaged. This is particularly true where the lack of such an allegation was not asserted as a defect by the defendant in his motion to dismiss. Section 45 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 45, now found at Ill. Rev. Stat. 1981, ch. 110, par. 2—615) requires that the motion shall specifically point out wherein the complaint is defective. (*Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 946-47.) In sum, the allegations of the complaint were legally sufficient to state a cause of action against Kleiser, Jr., upon which he could be held responsible for the conduct of his employee under the doctrine of *respondeat superior*.

■ Second, it is settled law in Illinois that there is a cause of action against an employer for negligently hiring someone the employer knew, or should have known, was unfit for the position sought to be filled. (*Easley v. Apollo Detective Agency, Inc.* (1979), 69 Ill. App. 3d 920, 931.) A cause of action for negligent or reckless hiring of an employee is recognized even though the employee commits the criminal or intentional act outside the scope of employment. (*Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 964.) In count I of the second amended complaint, plaintiff alleged that defendant Kleiser, Jr., knew well Pape's reputation and vicious propensity for physical violence upon others, as well as his body-building and weight-lifting achievements and extraordinary strength, and that Pape, without cause or provocation, physically attacked and assaulted plaintiff and caused plaintiff to sustain serious injuries. These allegations taken together with the other allegations of fact well pleaded

were legally sufficient to support a cause of action against the defendant Kleiser, Jr., upon the theory of negligent, reckless or wilful and wanton conduct in the hiring of Pape as a bouncer.

For the foregoing reasons, that part of the order of the circuit court of Du Page County entered December 28, 1981, which dismissed count I of the second amended complaint directed against defendants William E. Kleiser and Donna Kleiser without leave to file any amended pleadings against them is affirmed. That part of said order dismissing count I against defendant William Kleiser, Jr., and denying plaintiff leave to file any further amended pleadings against defendant William Kleiser, Jr., is reversed, and this matter is remanded to the trial court for further proceedings consistent with this order.

Affirmed in part; reversed in part.

REINHARD and NASH, JJ., concur.