Ruben GUILLERMO, et al.,
etc., Plaintiffs,

v.

Thomas J. BRENNAN, et al.,
Defendants.

No. 86 C 8964.

United States District Court,
N.D. Illinois, E.D.

March 21, 1987.

John G. Phillips, Stephen D. Phillips, John G. Phillips & Associates, Chicago, Ill., for plaintiffs.

Donald L. Puckett, Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, Aurora, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Ruben and Elsa Guillermo ("Guillermos"), as administrators of the decedent's estate of their 12–year–old daughter Cynthia ("Cynthia"), sue Thomas J. Brennan ("Brennan"), City-Wide Insulation, Inc. ("City-Wide") and Mark and George Murphy ("Murphys"), individually and as agents of City-Wide, for various acts of negligence that allegedly caused Cynthia's death. City-Wide and Murphys have asserted (in their Answer) the preclusive effect of a prior state court action involving Guillermos and City-Wide.

At this Court's request both sides have briefed that issue. For the reasons stated in this memorandum opinion and order, that affirmative defense is stricken under Fed.R.Civ.P. ("Rule") 12(f) as legally insufficient.

*Facts*

Brennan is a City-Wide employee. While driving a City-Wide truck March 11, 1985 (though not on company business), Brennan struck a car in which Cynthia was a passenger. Cynthia died March 13, allegedly as a result of injuries received in that accident.

Guillermos then filed suit against Brennan, City-Wide and several others [1] in the Circuit Court of DuPage County, Illinois (the "state court action"). Guillermos there alleged Brennan was liable to them on negligence grounds, while City-Wide's liability was asserted on a respondeat superior theory.

After Guillermos had twice amended their Complaint, City-Wide moved for summary judgment. Guillermos settled with the other defendants before that motion was decided, then moved for voluntary dismissal of their claims against Brennan and City-Wide. At the September 8, 1986 hearing on the parties' motions, Guillermos attempted for the first time to amend their Complaint by adding a claim against City-Wide for negligent hiring.[2] Judge Helen Kinney granted City-Wide's motion for summary judgment because Brennan was acting outside the scope of his employment at the time of his alleged negligence.[3] She then refused to allow Guillermos to add their claim for negligent hiring and granted their motion for voluntary dismissal against the remaining defendant, Brennan.

On November 18, 1986 Guillermos filed suit in this District Court against Brennan, City-Wide and Murphys (the "federal court action"). Here Brennan is again charged with negligently causing Cynthia's death. However, City-Wide's and Murphy's liability is premised on theories of negligent hiring of Brennan and negligent entrustment to Brennan of City-Wide's truck.

City-Wide and Murphys argue, as an affirmative defense, that Guillermos' claims against them in this federal court action are precluded by the judgment for City-Wide in the state court action. They are wrong.

*Claim Preclusion*

Under 28 U.S.C. § 1738 this Court looks to Illinois law to determine the preclusive effect of the judgment in the state court action. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985). This opinion will turn first to consideration of claim preclusion, then to issue preclusion.

Under the doctrine of claim preclusion a valid judgment in a previous lawsuit between two parties bars a later action between those same parties or their privies on the same claim or cause of action. *Redfern v. Sullivan,* 111 Ill.App.3d 372, 375, 67 Ill.Dec. 166, 169, 444 N.E.2d 205, 208 (4th Dist.1983). Claim preclusion makes that judgment conclusive both as to what was actually decided and as to what could have been decided in the first action. *Rotogravure Service, Inc. v. R.W. Borrowdale Co.,* 77 Ill.App.3d 518, 524, 32 Ill.Dec. 762, 767, 395 N.E.2d 1143, 1148 (1st Dist. 1979). Such a rule ensures (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.,* 70 Ill.App.3d 59, 64, 26 Ill.Dec. 1, 7, 387 N.E.2d 831, 837 (1st Dist.1979)):

---

**1.** Other defendants were the owners of the tavern at which Brennan had been drinking shortly before the accident. Guillermos sued them under the Illinois Dram Shop Act, Ill.Rev.Stat. ch. 43, ¶ 135.

**2.** Although labeled only in "negligent hiring" terms, that claim also contained allegations sufficient to support a claim for negligent entrust-ment. See *Teter v. Clemens,* 112 Ill.2d 252, 97 Ill.Dec. 467, 492 N.E.2d 1340 (1986).

**3.** Judge Kinney's resolution of the scope of employment issue was dispositive of all Guillermos' then-pending claims against City-Wide, because all those claims were premised on respondeat superior.

that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits.

■ As the parties asserting the defense of claim preclusion, City-Wide and Murphys [4] bear the burden of showing the requirements of that defense are satisfied. *Rotogravure*, 77 Ill.App.3d at 525, 32 Ill. Dec. at 768, 395 N.E.2d at 1149. They have not carried that burden. They have failed to show:

1. that Guillermos' claims against City-Wide in the state court action involved the same cause of action as Guillermos' claims against City-Wide and Murphys here, and

2. that Guillermos could have raised their present claims in their earlier state court action.

Determining whether a prior judgment and a later suit involve the same "cause of action" under Illinois law is not always easy. Illinois courts generally follow the "same evidence test," *Kirk v. Board of Education of Bremen Community High School District No. 228*, 811 F.2d 347 (7th Cir.1987). That test was perhaps best stated in *Morris v. Union Oil Co. of California*, 96 Ill.App.3d 148, 157, 51 Ill.Dec. 770, 777, 421 N.E.2d 278, 285 (5th Dist.1981):

If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted and *res judicata* [claim preclusion] bars the latter action.

For this case, however, an earlier quote from *Morris* is more helpful (*id.* at 156–57, 51 Ill.Dec. at 776, 421 N.E.2d at 284, quoting *City of Elmhurst v. Kegerreis*, 392 Ill. 195, 205, 64 N.E.2d 450, 454 (1945)):

For purposes of *res judicata* a cause of action is said to consist

"of the right belonging to the plaintiff for some wrongful act or omission done by the defendant by which that right has been violated; the thing done or omitted to be done which confers the right upon the other to sue—that is, the act or wrong of the defendant against the plaintiff which caused a grievance for which the law gives a remedy."

Here Guillermos are suing City-Wide and Murphys for an alleged wrong quite separate from that alleged in their state court action. Before this Court, City-Wide's and Murphy's alleged liability is premised on *their* negligent failure adequately to investigate Brennan's background before hiring him and entrusting him with one of their trucks. In the state court action, City-Wide's claimed liability was wholly vicarious—premised on *Brennan's* negligence—under the doctrine of respondeat superior.

Proving the different theories in Guillermos' two suits would require different evidence. In their state court action the focus was on Brennan's conduct just before the accident and on whether Brennan was acting within his scope of employment. In this action Guillermos' negligent entrustment claim depends on showing City-Wide owned the truck and knew or should have known Brennan was likely to use it in a manner that would unreasonably endanger others. *Teter*, 112 Ill.2d at 257, 97 Ill.Dec. at 469, 492 N.E.2d at 1342. Guillermos' negligent hiring claim will require proof Murphys or City-Wide (or both) knew or should have known Brennan was unfit for his position. *Gregor v. Kleiser*, 111 Ill. App.3d 333, 338, 67 Ill.Dec. 38, 42, 443 N.E.2d 1162, 1166 (2d Dist.1982). Neither claim requires Guillermos to prove Brennan was acting within his scope of employment when the accident occurred. *Id.; Rosenberg v. Packerland Packing Co.*, 55 Ill. App.3d 959, 964, 13 Ill.Dec. 208, 212, 370 N.E.2d 1235, 1239 (1st Dist.1977).

As Illinois law views the "cause of action" concept, those differences are enough to foreclose claim preclusion here. That alone would be enough to shift this opin-

---

**4.** To invoke claim preclusion against Guillermos, Murphys (non-parties to the state court action) would also have to show they were in privity with City-Wide. This Court need not decide that issue, because even if they were in privity, other necessary elements for claim preclusion are missing.

ion's analysis to the question of issue preclusion.

But there is more: City-Wide and Murphys have not shown Guillermos could in fact have raised their negligent hiring and negligent entrustment claims in their state court action. On that score City-Wide and Murphys rely on *Lee v. City of Peoria*, 685 F.2d 196 (7th Cir.1982) for the proposition Guillermos must suffer preclusive consequences for not having earlier attempted to raise those claims in the state court. Guillermos counter by citing *Jones v. City of Alton*, 757 F.2d 878 (7th Cir.1985).[5] Analysis of the two cases discloses Guillermos have the better of it.

In *Lee* the plaintiff was fired for having given false testimony before the Board of Fire and Police Commissioners ("Board"). At a later hearing before Board on those charges, Lee's only defense was he had not in fact lied. After Board affirmed his firing, Lee sought review of that decision before the Circuit Court. Lee then attempted for the first time to raise the issue of racial discrimination, but the Circuit Court simply affirmed Board's decision without mentioning Lee's new defense.[6]

Lee then filed a Title VII federal action charging Board with race discrimination. That action was dismissed because Lee could have raised the same claim before Board as a defense to his firing but had failed to do so. On appeal the dismissal was affirmed because claim preclusion barred his Title VII action (685 F.2d at 201–02).

In *Jones* the facts were similar in most respects—but the difference was critical for current purposes. Jones was fired as a policeman on misconduct grounds. His firing was upheld after a hearing before the Civil Service Commission ("Commission"). Jones sought judicial review of that decision before the Circuit Court and Appellate Court. Even though Jones argued before both courts the reason for his firing was racial discrimination, they ruled such evidence irrelevant and upheld the firing. Unlike Lee, however, Jones had attempted to raise his claim of racial discrimination before Commission but was not allowed to do so (757 F.2d at 880).[7]

Jones (like Lee) then filed a Title VII action in federal court, and Jones (like Lee) sustained dismissal on the basis of claim preclusion. On appeal, however, that dismissal was reversed. Claim preclusion could not bar the Title VII action because (unlike in *Lee*) Commission and the state courts—and not Jones himself—were responsible for his inability to present his race discrimination claim (757 F.2d at 886). In *Lee*, Board did not decide the discrimination issue because the issue was not presented to it. In *Jones*, Commission simply refused to consider the issue.[8] Claim preclusion applies only to the former situation.

In this case, Guillermos did attempt to raise their negligent hiring and entrustment claims before the state court (Tr. 5), but the claims were not considered because of the procedural posture of the case (Tr. 6): City-Wide had already moved for summary judgment, and Guillermos had moved for voluntary dismissal against Brennan (all other defendants having settled). Guillermos' additional claims were rejected by Judge Kinney because the resolution of the pending motions completely disposed of the case as it was then framed.

City-Wide and Murphys argue this case is controlled by *Lee*, because Guillermos could have raised their additional claims earlier and avoided the procedural bar. But Guillermos respond (Pl. Response Mem. 3 n. 2) they first learned of the facts that would support their negligent hiring and entrustment claims only during Mark

---

5. Both *Jones* and *Lee* (unlike most of the other federal cases cited by both parties) applied Illinois law.

6. Because the Circuit Court was limited to reviewing what Board had decided, Lee's failure to raise his race discrimination claim before Board barred him from doing so on judicial review.

7. No reason was given by Commission for not considering the issue. On appeal the state reviewing courts treated the issue as irrelevant or inadequately proved (757 F.2d at 881, 882).

8. Our Court of Appeals held Commission's refusal to have considered the issue legally incorrect (757 F.2d at 886).

Murphy's September 2, 1986 deposition, six days before the hearing on the already pending motions. They could not, therefore, have added those claims at an earlier date.

■ Consistently with Guillermos' current explanation, Judge Kinney did not deny their motion to amend their complaint because of its tardiness. Instead she did so because Guillermos already had moved for a voluntary dismissal of their case (Tr. 6). Judge Kinney believed her limited ruling on vicarious liability would not affect Guillermos' ability to sue later on the claims she had just refused to consider (*id.*)—and that is worth noting not because her opinion is controlling as to the preclusive effect of her ruling (it is not[9]), but because it too confirms that the state court (and not Guillermos) was responsible for its failure to address the negligent hiring and entrustment claims.[10]

This case thus more closely resembles the situation in *Jones* than that in *Lee*. Through no fault of their own, Guillermos were unable to raise their present claims against City-Wide and Murphys before the state court. Claim preclusion cannot bar them from doing so now before this Court.

### Issue Preclusion

■ This Court also asked the parties to address the question of issue preclusion: whether Guillermos are foreclosed by the judgment in their state court action from relitigating issues actually decided in that prior action.[11] See *Redfern*, 111 Ill.App.3d at 376, 67 Ill.Dec. at 169, 444 N.E.2d at 208. As it develops, only one issue was actually decided there: the question whether Brennan was acting within his scope of employment when the accident occurred (Tr. 3). Because that issue was resolved against Guillermos in the earlier case, issue preclusion does indeed bar them from relitigating that question here.

■ Fortunately for Guillermos, however, that established fact does not control their claims before this Court. As a matter of Illinois law, the fact Brennan was acting outside the scope of his employment does not relieve City-Wide or Murphys of liability if they were in fact negligent when they hired Brennan or when they entrusted him with their truck. *Gregor*, 111 Ill.App.3d at 338, 67 Ill.Dec. at 42, 443 N.E.2d at 1166; *Rosenberg*, 55 Ill.App.3d at 964, 13 Ill.Dec. at 212–13, 370 N.E.2d at 1239–40.[12]

### Conclusion

City-Wide and Murphys cannot call upon claim or issue preclusion to bar Guillermos' claims. Because that affirmative defense is legally insufficient, it is stricken from the Answer.

9. It is always the second court, not the first court, that determines the preclusive effect of the first court's decision. See *American National Bank & Trust Co. v. City of Chicago*, 636 F.Supp. 374, 381 (N.D.Ill.1986).

10. Both sides spend a great deal of time in their briefs arguing about whether Judge Kinney's rulings on the motions were correct. But this Court does not sit to review the decisions of Illinois trial courts, and for claim preclusion purposes the correctness of those rulings is really irrelevant. In *Jones,* the crucial fact was not that the Illinois courts were wrong to consider a race discrimination claim irrelevant. What was crucial was that those courts, and not plaintiff, were responsible for the failure to consider the race discrimination issue. Even had their decision been correct, claim preclusion could not have applied because plaintiff had been unable, as a matter of law, to raise the issue.

11. Murphy's privity with City-Wide is not relevant for issue preclusion purposes. Under defensive issue preclusion principles, only the party being precluded must have been a party (or its privy) in the earlier proceeding. *Redfern*, 111 Ill.App.3d at 375–76, 67 Ill.Dec. at 169, 444 N.E.2d at 208. Here issue preclusion would be used against Guillermos, who were parties to the state court action.

12. True enough, if Brennan's conduct were viewed as unforeseeable, City-Wide and Murphys would be relieved of any liability for negligence. Such unforeseeability would make Brennan's negligence an intervening cause that superseded City-Wide's and Murphys' negligence. However, as *Gregor* and *Rosenberg* make clear, even such criminal acts outside the scope of employment (Brennan was allegedly drunk while driving the truck) are foreseeable and do not supersede liability for negligent hiring or entrustment.