(No. 99-CC-4597—)

KENNETH SMITH, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 9, 2000.*

KENNETH SMITH, *pro se.*

JIM E. RYAN, Attorney General (PETER C. BEARD, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, CJ.

This cause coming on to be heard on the Respondent's motion to dismiss, and the Claimant's response thereto, the Court being fully advised in the premises, the Court finds that Claimant, an inmate of the Lincoln Correctional Center, has filed a four-count complaint alleging that Claimant was subjected to "verbal assaults" and intentional infliction of emotional distress. He claims that four employees of the Respondent's Department of Corrections called him, or allowed him to be called by others, "Shitty Smitty from New York City" on a regular basis.

The complaint does not state a claim for either assault or intentional infliction of emotional distress. In order to state a claim for assault, Claimant must allege an "unreasonable apprehension of receiving a battery." (*Rosenbaum v. Parkerland Packing Co., Inc.* (1977), 55 Ill. App. 3d 959, 963.) Name calling must be "truly extreme and outrageous" and it is "clear that the tort does not extend to mere insults, indignities, threats, petty impressions, or other trivialities." (*McGrath v. Fahey* (1998), 126 Ill. 2d 78; Restatement (Second) of Torts (1965), section 46, comment d at 73.) While the name calling may be insulting, it hardly rises to the level of a basis for a compensable claim.

It is therefore ordered, adjudged and decreed that the Respondent's motion to dismiss is granted and this claim is dismissed and forever barred.