PRISCILLA V. NELSON, Plaintiff-Appellant, *v.* RICHARD L. NUCCIO *et al.,* Defendants-Appellees.

(No. 53885;

First District—February 26, 1971.

Elmer Gertz and Ralla Klepak, of Chicago, (Wayne B. Giampietro, of counsel,) for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago, (Marvin E. Aspen and Gayle F. Haglund, Assistants Corporation Counsel, of counsel,) for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Priscilla Nelson brought this action in the circuit court of Cook County against Richard L. Nuccio, a police officer of the City of Chicago, and the City of Chicago for intentionally causing her severe emotional disturbance. On motion of the defendants, the trial court dismissed the amended complaint and plaintiff now appeals from that order of dismissal.

Count I of the complaint alleges that plaintiff is the mother of Ronald Nelson; that Nuccio, without cause, had threatened to injure, maim, and kill her son; that Nuccio, knew she had been informed of these threats, intended that she be so informed and intended by making these threats to cause her great mental anguish; that she informed the police department that Nuccio was threatening and harassing her son and requested that he be restrained from such conduct; that the city failed to restrain Nuccio from making his threats and harassing her son; that on June 4, 1968, Nuccio intending to cause her severe emotional disturbance and, without cause, shot her son in the back and killed him; and that she did suffer severe emotional disturbance because of the threat to kill her son and the fulfillment of the threat.

Count II of the complaint alleges that police officers of the city knew that her son had been shot and killed or seriously wounded; that these officers intending to cause her great mental anguish failed to inform her that her son had been injured; that she was later informed that he had been shot; that she immediately called the police station, inquired about

her son and was told by an officer that her son had been shot, that his condition was not serious and that he could be visited at American Hospital; that the officer giving this information knew her son had been killed or seriously injured and intended to cause her severe emotional disturbance by giving her false information; that she immediately went to American Hospital and learned her son was dead; and that she suffered severe emotional disturbance when she learned he was dead after being informed that he was not seriously injured.

In *Knierim v. Izzo*, 22 Ill.2d 73, the court held that "* * * the allegations that defendant intentionally caused severe emotional disturbance and nervous exhaustion by his threat to murder plaintiff's husband and the fulfillment of the threat a cause of action." (22 Ill.2d 73, 87) Defendants argue that *Knierim* does not control this case because plaintiff was not present when her son was shot and because the threat to kill her son was not made directly to her by Nuccio.

The presence or absence of Mrs. Knierim at the time her husband was murdered was not mentioned by the court in *Knierim* and consequently does not seem to be important under the facts of that case. The important elements of the complaint upheld in *Knierim* were: (1) Izzo's threat to her that he would kill her husband and the fulfillment of the threat (2) his intent to cause her great mental anguish by this conduct (3) the nature of this outrageous conduct was that which could cause severe emotional disturbance in a person of ordinary sensibilities and (4) plaintiff actually suffering severe emotional disturbance as a result of defendants conduct. We do not think it necessary that plaintiff should have witnessed the shooting of her son in order to maintain her action against Nuccio.

■■ The complaint in *Knierim*, it would appear, did allege that Izzo had made his threat directly to Mrs. Knierim. The complaint here, however, alleges that plaintiff had been informed Nuccio threatened to kill her son, that Nuccio knew she had been informed of the threats and that he intended that she be informed of the threats. These allegations for purposes of plaintiff's cause of action against Nuccio are equivalent to the allegation that he made the threat to her directly. We hold, therefore, that Count I states a cause of action against Nuccio. *Knierim v. Izzo*, 22 Ill.2d 73.

■■ Count I also attempts to impose liability on the City of Chicago as the employer of Nuccio. A city is, of course, liable for the tortious act of its police officer if such act is within the scope of his employment. (*Andrews v. City of Chicago*, 37 Ill.2d 309) The outrageous conduct Nuccio is alleged to have committed, however, was not within the scope of his employment. (*Potter Title & Trust Co. v. Knox* 381 Pa. 202,

113 A.2d 549, 53 ALR2d 709; *Bradley v. Stevens*, 329 Mich. 556, 46 N.W.2d 382, 34 ALR 2d 367; Restatement, Agency 2d § 235) Furthermore, the allegation that plaintiff notified the police department that Nuccio was threatening and harassing her son does not indicate that the department knew or should have foreseen that Nuccio was engaged in a course of conduct to *intentionally cause her* severe emotional distress which is the basis of her complaint. We hold that Count I does not state a cause of action against the City of Chicago.

■■ Count II, which is directed solely against the city, is subject to the same infirmity as Count I. If the conduct of the police officers who failed to immediately notify plaintiff her son had been shot or the conduct of the officer who falsely informed her of her son's condition was so outrageous and intentionally calculated to cause severe emotional distress in a person of ordinary sensibilities, then such conduct was outside the scope of their employment. We hold, therefore, that Count II was properly dismissed.

The judgment of the circuit court of Cook County is accordingly affirmed in part and reversed in part and remanded for further proceeding.

Affirmed in part; reversed and remanded in part.

GOLDENHERSH and MORAN, JJ., concur.