SAWYER REALTY GROUP, INC., *et al.*, Plaintiffs-Appellants, *v.*
JARVIS CORPORATION *et al.*, Defendants-Appellees.

First District (4th Division)    No. 79-2085

Opinion filed December 18, 1980.

N. A. Giambalvo, Lawrence M. Gavin, and Martha L. Ashenhurst, all of
Boodell, Sears, Sugrue, Giambalvo & Crowley, of Chicago, for appellants.

Bernard M. Kaplan and Scott E. Tuckman, both of Chicago (Ruben, Kaplan
& Rosen, of counsel), for appellees Abel R. Kaplan and Greenleaf Realty
Management Company, Inc.

Lord, Bissell & Brook, of Chicago (Robert A. Knuti and Thomas C. Walsh, of
counsel), for appellees Reed L. Beidler, Lark Management Company, Jarvis
Corporation, and La Salle National Bank.

Mr. JUSTICE JIGANTI delivered the opinion of the court:
The primary issue here is whether a civil action for damages lies for a
violation of the Illinois Real Estate Brokers and Salesmen License Act. (Ill.
Rev. Stat. 1977, ch. 111, par. 5701 *et seq.*) (Brokers Act).) Although the Act
does not expressly provide for a private right of action, the plaintiffs
contend that one should be implied. The plaintiffs appeal from an order
which we interpret as a dismissal of count I of their complaint.
The complaint alleges that the owners of certain real estate listed it
for sale with the defendant real estate brokers. The plaintiffs were
prospective purchasers who entered into negotiations with the defendant
brokers for the purchase of the property. The plaintiffs contend that
during these negotiations they revealed confidential information con-
cerning their willingness and ability to buy the land. The defendants
advised the plaintiffs as to the terms and provisions which would be

acceptable to the owners. Based on this advice, the plaintiffs prepared and submitted an offer. Shortly thereafter the defendants told the plaintiffs that the owners rejected their offer and sold the property to "others." The plaintiffs subsequently learned that the defendants had purchased the property. The plaintiffs alleged that this conduct constituted a violation of section 15(f) of the Brokers Act (Ill. Rev. Stat. 1977, ch. 111, par. 5732(f)) and also of sections V(A) and (C) of the rules and regulations promulgated by the Department of Registration and Education pursuant to the Act.

The plaintiffs argue that a private right of action may be founded on violations of statutes and regulations promulated under those statutes. Specifically, the plaintiffs argue that a private cause of action should be implied for the defendant's alleged violation of the Brokers Act.

Implying a private cause of action for the violation of a statute which does not expressly provide for one has been the subject of numerous decisions and law review articles. (See Note, *Implying Civil Remedies from Federal Regulatory Statutes*, 77 Harv. L. Rev. 285 (1963); Comment, *Implication of A Private Right of Action Under Title IX of the Education Amendments of 1972*, 73 Nw. L. Rev. 772 (1978).) The problems with implying civil remedies where none are expressly included are summarized by the dissenting opinions in *Cannon v. University of Chicago* (1979), 441 U.S. 677, 60 L. Ed. 2d 560, 99 S. Ct. 1946, and *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353. In *Cannon*, Justice Powell expressed the view that the implication of civil remedies allows the judiciary to assume policy-making authority which is properly vested in the legislative branch. This operates to increase the power of the judiciary. Although the court always has the authority to construe legislation, the implication doctrine involves a "significant additional step" by allowing the *creation* of a cause of action. Similarly, Justice Underwood in *Kelsay* stated that the judiciary must exercise caution in implying additional remedies because the judicial power "does not include amending specific legislation which we feel, however rightly, is lacking in some respect." *Kelsay*, 74 Ill. 2d 172, 194, 384 N.E.2d 353, 363 (Underwood, J., dissenting.)

In order to avoid invading the province of the legislature, the court must determine that its decision to imply a private cause of action is in accordance with legislative intent. The courts have attached different meanings to the "intent of the legislature." For example, Justice Powell in his dissent in *Cannon* takes a fairly restrictive view of legislative intent. He speaks of intent in the sense of legislative oversight when he states "[i]t defies reason to believe that in each of these statutes Congress absent-mindedly forgot to mention an intended private action." (*Cannon*, 441 U.S. 677, 742, 60 L. Ed. 2d 560, 603, 99 S. Ct. 1946, 1981.) In Powell's view,

therefore, a private cause of action may only be implied when it can be said with some certainty that the legislature clearly intended one, but for some reason failed to include it in the statute. Other courts have taken a less restrictive view by maintaining that it is not necessary to show a specific intention to *create* a private cause of action. This view of legislative intent is best exemplified in *Kelsay*, where the court implied a private cause of action for retaliatory discharge under the Workmen's Compensation Act after noting the ineffectiveness of the remedies provided under the Act. The *Kelsay* court concluded that the legislature could not possibly have intended that the wrongfully discharged employee be left without a remedy. (*Kelsay*, 74 Ill. 2d 172, 182, 384 N.E.2d 353, 357.) Probably the broadest interpretation of legislative intent was advanced by the court in *Sherman v. Field Clinic* (1979), 74 Ill. App. 3d 21, 392 N.E.2d 154. When faced with the question of whether the legislature intended a private right of action, the court stated, "nothing in the Act indicates an intent to limit the remedies available to those, administrative or criminal, enumerated in the Act." (*Sherman*, 74 Ill. App. 3d 21, 30, 392 N.E.2d 154, 161.) This language appears to indicate that a private cause of action may be implied where the legislature does not expressly prohibit one.

The Illinois Supreme Court in *Hoover v. May Department Stores Co.* (1979), 77 Ill. 2d 93, 395 N.E.2d 541, recently set forth the standard for determining legislative intent. There, the court refused to imply a private right of action under the Illinois Retail Installment Sales Act. (Ill. Rev. Stat. 1973, ch. 121½, par. 501 *et seq.*) The court stated that "[t]he totality of the circumstances, * * * compels the conclusion that the General Assembly did not intend that a private cause of action be maintained under the present Retail Installment Sales Act." *Hoover*, 77 Ill. 2d 93, 104, 395 N.E.2d 541, 546.

We believe that the totality of the circumstances in the cause before us militates against the conclusion that the General Assembly intended to create a private cause of action. It has been held that the legislature's purpose in enacting the Brokers Act was to prevent injury to the public by assuring that brokers and salesmen act fairly and honestly. (*Ranquist v. Stackler* (1977), 55 Ill. App. 3d 545, 370 N.E.2d 1198, *cert. denied* (1978), 439 U.S. 926, 58 L. Ed. 2d 318, 99 S. Ct. 309.) To accomplish this purpose, the Act classifies certain conduct as unlawful and provides that the Department of Registration and Education may revoke and suspend the license of a broker who engages in such conduct. (Ill. Rev. Stat. 1977, ch. 111, par. 5732.) Section 18 (par. 5736) gives the Department the right to enjoin violations of the Act. The Act also contains private enforcement methods. For example, section 16(b) (par. 5733(b)) states that any person

aggrieved by the unlawful conduct of a real estate broker or salesman may file a complaint with the Department of Registration and Education, thereby calling into play the Department's investigatory and regulatory functions. Also, section 22 (par. 5740) provides that a private individual may bring an action to enjoin certain activities declared unlawful by the Act. Section 8.1 (par. 5716) creates a Real Estate Recovery Fund which may be used to compensate aggrieved persons who are otherwise unable to satisfy valid judgments against registered real estate brokers and salesmen.

This review of the Brokers Act leads us to conclude that the legislature has enacted a comprehensive, well-planned licensing scheme to regulate the activities of real estate brokers and salesmen. The fact that the legislature included certain private remedies, such as the provision for private injunctive relief in section 22 (par. 5740), strongly indicates that it considered and rejected all other private remedies. It is a general rule of statutory construction that the expression of one thing in a statute implies the exclusion of all others. (*Shanahan v. Policemen's Annuity & Benefit Fund* (1976), 43 Ill. App. 3d 543, 357 N.E.2d 582.) We believe the legislature intended to enforce the Brokers Act by requiring the Department of Registration and Education to review the licenses of brokers who violate the Act. The plaintiffs argue essentially that the remedies chosen to enforce the Act are insufficient. They maintain that the policy of the Brokers Act can only be effectively implemented and enforced by allowing a civil remedy for damages. We feel that this argument is one properly addressed to the Illinois Legislature.

The plaintiffs contend that this case should be controlled by *Sherman v. Field Clinic* (1979), 74 Ill. App. 3d 21, 392 N.E.2d 154, where the court implied a private right of action for violations of the Collection Agency Act. (Ill. Rev. Stat. 1977, ch. 111, par. 2001 *et seq.*) The *Sherman* court based its decision on the presence of five factors. These were: (1) public policy, (2) whether the plaintiffs were within the class of people the statute was designed to protect, (3) whether the injury was within the range of injuries the statute was designed to protect, (4) whether the need for a civil damages action under the statute was clear, and (5) whether there was anything in the Act that indicated an intent to limit the remedies available to those enumerated in the Act. The *Sherman* court found that these five factors were among those considered in the Illinois cases in which private causes of action were implied.

We are not persuaded that *Sherman* is dispositive of the case at bar. The factors relied on in *Sherman* are significant only insofar as they aid in determining legislative intent. Unlike the Brokers Act, the Collection Agency Act neither provides for private injunctive relief nor grants

private individuals power to seek judicial enforcement of the Department's cease and desist orders. Thus, the inference that the inclusion of some private remedies implies the exclusion of all others does not arise.

The plaintiffs have a right to pursue their grievance by filing a complaint pursuant to section 16(b) (par. 5733(b)) of the Act. They may also pursue a civil action under general existing principles of tort or agency law. However, for the reasons stated above, we do not believe that the plaintiffs have the right to maintain a civil action for damages under the Real Estate Brokers and Salesmen Act.

For the foregoing reasons, the order of the circuit court dismissing count I of the plaintiffs' complaint is affirmed.

Affirmed.

LINN, P. J., and ROMITI, J., concur.