TRES PEEL, Plaintiff-Appellant, v. YELLOW CAB COMPANY, INC., Defendant-Appellee (Jeffrey Feldman, Defendant).

First District (5th Division)   No. 85—3588

Opinion filed September 26, 1986.

Daniel Galatzer, of Daniel Galatzer, Ltd., of Chicago, for appellant.

Orner & Wasserman, Ltd., of Chicago (Norton Wasserman and Esther Joy Schwartz, of counsel), for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order dismissing with prejudice count II of plaintiff's second amended complaint against defendant, Yellow Cab Company. Plaintiff contends that count II properly states a cause of action based upon Yellow Cab's violation of an administrative rule adopted by the department of consumer services of the city of Chicago.[1]

Plaintiff averred in his complaint that he had leased taxicabs from Yellow Cab for more than eight years. The leases were short term and contained no right of renewal. In June 1983 he began to complain to the department of consumer services of certain unspecified licensing violations committed by Yellow Cab. As a result of these complaints, the department undertook an investigation and ultimately suspended a substantial number of Yellow Cab licenses. Upon discovering that plaintiff was responsible for instigating the investigation, Yellow Cab refused to enter into any more short-term leases with him.

In count II of his second amended complaint, plaintiff alleged that Yellow Cab's refusal to continue leasing taxicabs to him violated rule 3 of the public passenger vehicle rules and regulations adopted by the department of consumer services. That rule states:

"There shall be no discrimination against any driver duly licensed by the City of Chicago as a chauffeur. Vehicles shall be assigned on a fair and equitable basis and trunk keys shall be provided to all drivers."

It is asserted in count II that rule 3 "creates by implication a right in plaintiff to enforce that rule in its application to [him]." On Yellow Cab's motion, the court dismissed count II with prejudice. This appeal followed.

OPINION

Plaintiff, as we have noted, contends that the allegations set forth in count II state an implied cause of action against Yellow Cab because of its violation of rule 3 of the public passenger vehicle rules and regulations. We disagree.

In deciding whether a cause of action should be implied from legislation not specifically providing for it, the courts have considered

---

[1] Plaintiff had appealed from the dismissal of counts I, II and III but on his motion the appeal was dismissed as to counts I and III. Counts IV and V, which charge Yellow Cab and defendant Jeffrey Feldman with defamation, are still pending in the trial court.

the following factors: whether the violation alleged contravenes the public policy of the State; whether the plaintiff is within the class of persons the statute was designed to protect; whether the injury is one which the statute was designed to prevent; whether the need for civil actions under the statute is clear; and whether there is any indication that the remedies available are limited to those enumerated in the act. (*Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 389, 432 N.E.2d 849; *Sherman v. Field Clinic* (1979), 74 Ill. App. 3d 21, 29-30, 392 N.E.2d 154.) The present case, however, concerns not a statute but an administrative rule promulgated under the authority of a municipal ordinance. Plaintiff cites no authority from any jurisdiction in which a private cause of action has been implied from an ordinance or an administrative regulation promulgated thereunder.[2] The absence of such authority suggests caution in fashioning a remedy which no other court has deemed to be necessary.

Even assuming, without deciding, that a civil cause of action may be implied from an ordinance or a local administrative regulation, we believe that plaintiff has failed to show that the injury of which he complains (retaliatory nonrenewal of his taxicab lease) is one which the rule was designed to prevent.

On its face, rule 3 applies only to the *assignment* and not to the *leasing* of vehicles. Although there is no "legislative history" or case law interpreting this rule, it would appear to us that it was designed to prohibit the holders of public passenger vehicle licenses from discriminating in the assignment of vehicles to qualified drivers with whom they have entered into a lease or other business agreement involving the use of taxicabs. It appears also that the rule does not purport to regulate the holder's decisions not to enter into a lease of its taxicabs. Even assuming, however, that rule 3 extends to such decisions, it is not at all clear that the rule encompasses the kind of discrimination alleged here (retaliatory nonrenewal of a lease for reporting alleged licensing violations) as opposed to the more typical forms of discrimination based on race, color, religion, national origin, ancestry, age, sex or marital status which the rule may have been intended to combat. The rule simply does not specify what types of discrimination are prohibited. In view of its vague phrasing and because it is our belief, as stated above, that the injury of which plaintiff complains

[2]In *Thompson v. Tormike, Inc.* (1984), 127 Ill. App. 3d 674, 469 N.E.2d 453, the court held that a public-nuisance ordinance could not be construed as implying a private cause of action for a slip-and-fall injury sustained in the parking lot of a restaurant.

is not one which rule 3 was designed to prevent, it would be inappropriate for us to imply a private cause of action in this case.

The judiciary by implying causes of action is assuming policy-making authority, a power which is more properly exercised by the legislature (*Galinski v. Kessler* (1985), 134 Ill. App. 3d 602, 606, 480 N.E.2d 1176 (no cause of action for damages because of barratry)) and, while the courts have demonstrated a willingness to imply private causes of action where there exists a clear need to effectuate the purpose of an act (see *Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 432 N.E.2d 849 (and the cases cited therein)), no such need has been shown here. In light of the foregoing, we decline to imply a cause of action for damages from rule 3 of the public passenger vehicle rules and regulations adopted by the department of consumer services of the city of Chicago. Accordingly, we affirm the order dismissing with prejudice counts I, II and III of plaintiff's second amended complaint.

Affirmed.

MURRAY and PINCHAM, JJ., concur.