LINDA MILLER, Plaintiff-Appellant, v. CYNTHIA LINDEN, Defendant-Appellee.

Second District   No. 2—87—1037

Opinion filed July 21, 1988.

David E. Camic, of Wilson & Camic, of Aurora, for appellant.

James R. Street, of Aurora, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Linda Miller, appeals from an order of the circuit court of Kane County dismissing her amended complaint against defendant, Cynthia Linden. Miller sought damages from Linden for intentional infliction of emotional distress.

The following allegations were made in Miller's amended complaint. Miller had been involved in a relationship with the co-owner of Linden's residence in Aurora since June 1, 1986. Linden was aware of this relationship and wished to interfere with it. On six separate occasions in June 1986, and two occasions in July 1986, Linden went to Miller's home, rang the doorbell, beat upon the door, and shouted ob-

scenities at Miller. The former conduct in June was alleged to have occurred in the presence of Miller's family, friends, and neighbors. Linden went to Miller's home again in August, and, in the presence of Miller's minor child, accosted Miller and called her obscene names.

Linden went to Miller's residence again, in November 1986, and shouted obscenities at her. On another occasion in November, Linden followed Miller while Miller was in her car. On December 9, 1986, Miller's attorney advised Linden that her actions were causing emotional and physical distress to Miller. Linden went to Miller's residence again on January 23, 1987. She used foul language and insulted Miller during this visit. Linden went to Miller's residence once again on March 14, 1987, arriving at about 3:40 a.m. Linden rang the doorbell, beat on the door, and yelled obscenities. At about 4:10 the same morning, Linden parked her car outside Miller's home and honked her car horn for several minutes. At about 4:15 a.m., she went up to Miller's home and continually rang the doorbell. At about 4:47 that morning, Linden began to ring Miller's doorbell again.

There was no special relationship between the parties which necessitated or justified Linden's visits to Miller's residence. As a direct and proximate result of Linden's intentional acts, Miller sought treatment from a physician and suffered weight loss, loss of sleep, stress anxiety, gastric disorder, and nervousness. The trial court dismissed Miller's amended complaint, and Miller appeals from the order of dismissal.

■ In order to state a cause of action for intentional infliction of emotional distress, a party must allege facts which establish that: (1) defendant's conduct was extreme and outrageous; (2) the emotional distress suffered by plaintiff was severe; and (3) defendant's conduct was such that defendant knew that severe emotional distress was substantially certain to result. (*Harris v. First Federal Savings & Loan Association* (1984), 129 Ill. App. 3d 978, 980-81, 473 N.E.2d 457.) Defendant's conduct must extend beyond mere insults, indignities, threats, annoyances, petty oppressions or trivialities in order to be considered to be extreme and outrageous. (*Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 89-90, 360 N.E.2d 765.) Liability will only exist if defendant's conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency. (*Public Finance Corp.*, 66 Ill. 2d at 90, 360 N.E.2d at 767.) Additionally, the emotional distress suffered by plaintiff must be such that no reasonable person could be expected to endure it. *Public Finance Corp.*, 66 Ill. 2d at 90, 360 N.E.2d at 767.

■ The above principles must be applied on a case-by-case basis

in order to determine whether a complaint states a cause of action for intentional infliction of emotional distress. (*McGrath v. Fahey* (1987), 163 Ill. App. 3d 584, 589, 520 N.E.2d 655, *appeal allowed* (1988), 119 Ill. 2d 559.) As stated in the seminal case of *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157, "a line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility." (*Knierim*, 22 Ill. 2d at 85, 174 N.E.2d at 164.) The determination of whether words or conduct are actionable in character is to be made on an objective rather than a subjective standard, from common acceptation. (*Knierim*, 22 Ill. 2d at 86, 174 N.E.2d at 164.) For the purposes of a motion to dismiss, however, a cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle a plaintiff to recover. (*Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278, 286, 499 N.E.2d 1319.) Additionally, well-pleaded facts must be taken as true in judging the sufficiency of the complaint. *Charles Hester Enterprises, Inc.*, 114 Ill. 2d at 286, 499 N.E.2d at 1322.

■■■ We first address the question of the outrageousness of Linden's conduct. Miller has complained of 13 separate incidents of Linden's conduct toward her over a 10-month period. The frequency and duration of the complained-of conduct has been stated to be a consideration in determining whether a cause of action for this tort is stated. (*Sherman v. Field Clinic* (1979), 74 Ill. App. 3d 21, 27-28, 392 N.E.2d 154.) Additionally, despite Linden being advised by Miller's attorney that her actions were causing Miller emotional and physical distress, she persisted in going to Miller's residence on two more occasions. (See *McGrath*, 163 Ill. App. 3d at 590, 520 N.E.2d at 659.) On the last visit she appeared at Miller's residence at four different times in the early morning hours, engaging in conduct ranging from beating on the door and shouting obscenities to honking her car horn for several minutes. Most of the prior incidents also occurred outside Miller's private residence and involved the beating on her door and the shouting of obscenities by Linden, some in the presence of Miller's family and neighbors. There is nothing in the relationship of the parties here that would, as in *Public Finance Corp.*, give rise to Linden's exercising her legal rights in a permissible way. Both Miller and Linden are private parties, and there is a lack of a relationship between the parties, at least as shown at the pleading stage of the proceedings. We conclude that the complaint here alleges sufficient facts, well beyond mere insults and trivialities, to allege the outrageous conduct

element of the tort.

Additionally, Miller pleaded facts sufficient to demonstrate that she suffered severe emotional distress as a result of Linden's conduct. According to her complaint, Miller suffered stress anxiety, a gastric disorder, loss of weight and sleep, and sought medical treatment. These allegations, if proved, establish the severe emotional distress necessary to the tort. As to whether Linden acted intentionally or with the knowledge that severe emotional distress was certain or substantially certain to result, the allegations support that element of the tort as well. Linden went to Miller's private residence on numerous occasions over a prolonged period of time, engaged in a variety of harassing conduct, and continued to do so even after being warned of Miller's physical and emotional distress. Such allegations sufficiently demonstrate that Linden intended, or at the very least, knew with reasonable certainty that her conduct would cause Miller to suffer severe emotional distress.

We believe that Miller's complaint, which must be taken as true for the purposes of a motion to dismiss, meets the requirement of pleading sufficient facts which establish that Linden's conduct was extreme and outrageous, that her emotional distress was severe, and that Linden's conduct was such that she knew severe emotional distress was substantially certain to result. While the appellate court decisions since *Knierim* and *Public Finance Corp.* have generally upheld the dismissals of complaints alleging this tort, a result that one author has criticized (Sabin, *Intentional Infliction of Mental Distress—25 Years Later*, 76 Ill. B.J. 864 (1987)), we conclude that Miller's specific pleading of Linden's many acts toward her, as detailed above, indicates, at this pleading stage of the proceedings, extreme and outrageous conduct going beyond mere indignities, annoyances, or trivialities, as well as severe emotional distress suffered by Miller and an intentional or reckless state of mind on the part of Linden.

For the foregoing reasons we reverse the order of the circuit court of Kane County dismissing plaintiff's complaint and remand for further proceedings.

Reversed and remanded.

DUNN and INGLIS, JJ., concur.