[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The defendants have filed a motion for partial summary judgment which is directed at the first two counts of the complaint. The second count incorporates the allegations of the first count and the 14th paragraph of the First Count alleges that various losses alleged in the complaint were caused by the defendants' failure to comply with the requirements of the general statutes respecting erasure of arrest records upon the entry of a dismissal. The complaint does not explicitly identify the statutes relied upon but the only statutes applicable to the claim would be Sections 54-142a and 54-142c of the General Statutes.
The defendants' motion maintains that these statutes do not provide for a private cause of action. The plaintiff of course disagrees and the court will discuss this legal issue shortly.
Preliminarily, however, the plaintiff argues that the claim doesn't refer to any specific statute; the defendants assume Section 54-142 a and care the basis of the suit. The plaintiff goes on to say "The defendants should not be permitted the liberty to `find' the statute of their choice in a complaint and then seek Summary Judgment." Indeed says the plaintiff "it would be fundamentally unfair" to require the plaintiff to come to the defendants' assistance by either affirming or denying that the CT Page 12742 defendants have guessed at the right statute. The court cannot accept this argument. There is no confusion here about the basis of the plaintiff's complaint and the statutes he relies on. The plaintiff after this argument immediately briefs the proposition that "the erasure statutes permit a private right of action." Out of an excess of caution the court will order that any decision it makes adverse to the plaintiff be delayed two weeks so that the plaintiff can at least attempt to amend his complaint by reference to any statute besides the above referenced ones upon which he might allege the complaint is based.
Turning to the merits, the statutory language of these two sections do not provide for a civil action. That it itself, of course, does not mean that a civil action can't be brought based on the statute. As the plaintiff notes several decisions have recognized a private right of action under CUIPA although that statute does not explicitly provide for one, Sambucco v. AetnaCasualty Surety, Co., 4 Conn. L. Rptr. 74 (1991), Acere v. E.B. Indemnity Co., 2 Conn. L. Rptr. 520 (1990), Thompson v. AetnaLife Casualty, Co., 2 CSCR 648 (1987). I have also reached the same conclusion, Episcopal Diocese of Connecticut, et al. v.Continental Casualty Co., 11 Conn. L. Rptr. 610 (194). Also seeGreenberg v. Aetna Insurance Co., 510 P.2d 1032 (Cal. 1973).
Courts in other contexts have allowed a private right of action based on a statute that didn't provide for one. cf.Sherman v. Field Clinic, 392 N.E.2d 154 (Ill, 1979) (case recognizes private right of action by debtor against collection agency although the state's Collection Agency Act didn't provide for such an action, see generally discussion of court in Scrogginsv. Allstate Insurance, Co., 393 N.E.2d 718, 721-22 (Ill, 1979).
In fact Section 874a of the Restatement (Second) Torts provides that:
 When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class, a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action. CT Page 12743
The defendants cite Antinerella v. Rioux, 229 Conn. 479 (1994) for the proposition that in determining whether a statute prohibiting certain conduct also affords a private cause of action the court generally applies the rule of statutory construction that when the legislature has authorized supplementary causes of action it has done so explicitly, Id. p. 495. But right after words to this effect the court went on to say that, in deciding whether a private cause of action should be read into a silent statute: "As part of this analysis we assess whether the legislature concluded that private interests were amply served without private causes of action." In fact Antinerella then went on to hold the statutes in question, although they didn't explicitly create a private cause of action did entitle the plaintiff "to vindicate his claims through a private cause of action." Id. p. 496. So the matter cannot be settled by simply arguing that because the statute doesn't provide for a private remedy, we must follow the legislature intent thereby expressed, and hold no private remedy is allowed.
Factors mentioned in the commentary to the Restatement section 874(a) and the cases must be considered.
Cort v. Ash, 422 U.S. 66, 79-81 (1974) indicated that were a criminal penalty is provided for this is a reason not to provide a civil remedy but the court said "Clearly, provision of a criminal penalty does not necessarily preclude implication of a private cause of action for damages." Id., p. 79.
But as Justice Stewart noted in Transamerica Mortgage AdvisorsInc. v. Lewis, 444 U.S. 11 (1979) in determining whether a private action for monetary damages should be permitted under a statute that doesn't provide for it the question is not so much the desirability of implying private rights of action in order to provide remedies thought to effectuate the purposes of a given statute . . . what must ultimately be determined is whether Congress intended to create the private remedy asserted, Id. pp. 15-16. The court went on to say that: "it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies a court must be chary of receding others into it," Id. p. 19. The court noted that the statutes before it provided both judicial and administrative means for enforcing compliance and criminal penalties thus "it is highly improbable that `Congress absent mindedly forgot to mention an intended private action,'" Id. p. 20. CT Page 12744
In fact Sections 54-142b, c and e contain procedures for having records erased and impose criminal penalties on people who secure erased records by misrepresentation, although no penalties are imposed on administrative personnel who don't perform their duties to provide for the erasure of records.
It is true that the commentary to the Restatement at Section 874h(3) says that one consideration favoring the creation of a private remedy even where administrative procedures are set up to provide the relief in question is a situation where "administrative agencies (are) likely to prove ineffective because of understaffing or apathy." Although failure to erase criminal records in a timely fashion may be a problem in our crowded courts it is hardly a fact that I can take judicial notice of.
The last mentioned factor and some of the ones about to be discussed that are mentioned in the Restatement commentary (h) seem to have little to do with statutory interpretation and more to do with judicial creativity but they should be discussed in deciding whether a private remedy should be created. The right to have one's record erased is an important one and can interfere with one's job prospects or reputation. Also allowing the private cause of action will probably not create a flood of litigation since damages must be shown and proving the cause of action will not result in complex or lengthy litigation. On the other hand establishing this remedy represents quite a drastic departure from existing tort law and if the actors' conduct in not having the records erased is merely negligent is such conduct sufficiently wrongful to constitute a tort?
What argues strongly in my mind against creation of a private cause of action here is that Section 54-142a(b) and (c) explicitly provide that the arrested person or his or her heirs may come into court to have the records erased. Under a statutory scheme like this it would be difficult to imagine that the legislature would have intended to create a private cause of action. Any prospective person likely to be harmed has the means to ensure his or her record is erased. It is a simple, non-costly procedure that can be resorted to by any person affected by the bureaucracy's failure to act. Furthermore the procedure can be instituted at that point in a person's life or career when he or she would know that disclosure of the record would be harmful. Especially absent any allegation of malicious conduct or behavior in violation of these statutes I would not find that a private cause of action should be created. This decision will not be effective until November 17, 1995 so that CT Page 12745 the plaintiff may have the opportunity to amend his complaint to allege an explicit statutory violation other than Sections 54-142a
and 54-142c. On that date the decision granting the defendants motion for summary judgment shall be granted if no such amendment is filed.
Thomas Corradino, Judge